JOSEPH A. VINCENT, Respondent, *v.* JAMES MACBETH and Another, Appellants.

Second Department, December 5, 1924.

**Partnership — action for dissolution of partnership and for accounting — agreement that plaintiff was to have one-third of profits arising from sale of houses to be constructed on lands of one of defendants under plaintiff's direction — plaintiff not entitled to judgment at law for one-third of profits on theory that no partnership was created — decision that partnership existed is sustained by evidence.**

In an action to dissolve an alleged partnership and for an accounting in which it appears that the plaintiff claims that the partnership arose out of an agreement whereby the plaintiff, an architect and builder, was to have one-third of the profits arising out of the construction and sale of houses to be erected on land owned by one of the defendants, and was to take charge of the erection of the houses, the plaintiff is not entitled to a judgment for one-third of the profits in this action in equity unless he establishes the existence of a partnership relation, for if he fails to establish the existence of the relation, the defendants are entitled to a dismissal of the complaint.

While it is not clear that an agreement to share in the profits and losses of the enterprise was made, nevertheless, the testimony of the plaintiff and his witnesses

coupled with the testimony of the defendants leads to the conclusion that it was the intention of the parties to become partners and, therefore, the decision of the court that a partnership existed is sustained by the evidence.

APPEAL by the defendants, James Macbeth and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 2d day of April, 1924, upon the decision of the court rendered after a trial at the Queens Special Term in an action for the dissolution of a partnership and an accounting.

*Charles H. Street,* for the appellants.

*Sydney Rosenthal* [*Joseph Soviero* with him on the brief], for the respondent.

RICH, J.:

The defense is substantially a denial of the existence of a partnership, and a separate defense that plaintiff was merely employed to render services in connection with the erection of buildings upon lands owned by the defendant Macbeth. The only issue seriously litigated at the trial, and presented by this appeal, relates to whether or not a partnership relation existed between the parties.

Defendant Macbeth was the owner of certain land in Queens county. He desired to build upon it, and for this purpose consulted with the plaintiff, who was an architect and builder. He says he did not wish to be burdened with the responsibility of the erection of the houses, so he employed plaintiff at fifty dollars per week, plus a bonus of one-third of the profits of the enterprise, to be paid when the buildings were sold, to supervise and attend to the construction of the houses; and McDermott, the defendant, was also employed, to take charge of the clerical work, procure mortgages, keep books and pay bills, for which he was to receive as his compensation one-third of the profits on the sale of the buildings. Plaintiff commenced the construction of the houses and remained on the job until their completion on July 29, 1922.

The learned trial court was evidently of the opinion that even if plaintiff was not entitled to a finding that a partnership existed, he was entitled to a judgment for one-third of the profits, to be ascertained by an accounting, and declined to permit defendant's counsel to refute the testimony of one of plaintiff's witnesses, that Macbeth had told him plaintiff was a partner in the enterprise. This theory was erroneous, for the present action is in equity for the dissolution of a partnership and an accounting, and unless plaintiff established the existence of a partnership relation, the defendants were entitled to a dismissal of the complaint (*Arnold* v.

*Angell*, 62 N. Y. 508), and plaintiff would be remitted to his action at law to recover for his services, in which of course defendants would be entitled to their defense that plaintiff had not performed his agreement. The court, however, found that a partnership existed between the parties and decreed an accounting.

While an agreement to share in the profits and losses as such is not specifically shown, nevertheless the testimony of plaintiff and his witnesses coupled with the testimony of the defendants leads to the conclusion that it was the *intention* of the parties to become partners (*Heye* v. *Tilford*, 2·App. Div. 346; affd., 154 N. Y. 757), the plaintiff furnishing his time, labor and experience, in the construction of the houses, the defendant McDermott attending to the clerical work and the procuring of mortgages, and Macbeth furnishing the cash and the lots. Macbeth admitted plaintiff was to receive one-third of the profits and that he had completed his work. ·

The judgment should be affirmed, with costs.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and YOUNG, JJ.

Judgment unanimously affirmed, with costs.