CELIA LIPP, Appellant, v. BARNET LIPP, Respondent.— Order denying plaintiff's application for alimony *pendente lite* and counsel fee reversed upon the law and the facts, with ten dollars costs and disbursements, and case remitted to the Special Term to determine the amount of alimony and counsel fee to be awarded to plaintiff during the pendency of the action. The judgment of the Municipal Court, in light of the issues there, brought the separation agreement to an end, with the result, nothing else appearing, that defendant's ordinary duty to support his wife was revived. Public interest in the relationship underlies that conclusion. The papers before the court warranted an award of alimony until the trial of the issues. (*Randolph* v. *Field*, 165 App. Div. 279, 282; *Butler* v. *Butler*, 206 id. 214.) Kelly, P. J., Jaycox, Young, Kapper and Lazansky, JJ., concur.

MARIE LARSEN, Appellant, v. JOHN LESTER, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

JOSEPH H. LYNCH, Respondent, v. FRANK BERMAN, Defendant. FRANK BERMAN Co., INC., Appellant.— Interlocutory judgment reversed upon the law and the facts, with costs, and complaint dismissed, without costs. The finding of the trial court that no copartnership existed between the parties required the granting of the motion for dismissal of the complaint. (*Vincent* v. *Macbeth*, 211 App. Div. 110.) Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

MICHAEL NAVON, Appellant and Respondent, v. BROOKLYN DAILY EAGLE, INC., Respondent and Appellant.— Order modified by striking therefrom the words " and by further striking out the fourth separate and partial defense," and as so modified affirmed, with ten dollars costs and disbursements to the defendant, appellant. We think the allegations contained in the fourth separate and partial defense of the amended answer are sufficient. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

NASSAU AND SUFFOLK LIGHTING COMPANY, Appellant, v. QUEENS BOROUGH GAS AND ELECTRIC COMPANY, Respondent.— Order denying motion for preliminary injunction affirmed, with ten dollars costs and disbursements. From the facts and circumstances disclosed by the record herein, we think the defendant was not obliged to obtain the permission and approval of the Public Service Commission, pursuant to section 68 of the Public Service Commission Law* before laying its mains in the territory in question. In our opinion, it cannot be said that the defendant has failed to exercise its franchise, or that its exercise has been suspended for more than one year. Section 68 of the Public Service Commission Law refers to a franchise granted but not exercised at all in any substantial respect, or an entire suspension of such exercise for more than one year. Kelly, P. J., Jaycox, Young, Kapper and Lazansky, JJ., concur.

NASSAU AND SUFFOLK LIGHTING COMPANY, Appellant, v. QUEENS BOROUGH GAS AND ELECTRIC COMPANY and LONG ISLAND LIGHTING COMPANY, Respondents. (Action No. 2.) — Order denying motion for preliminary injunction affirmed, with ten dollars costs and disbursements, upon authority of *Nassau & Suffolk Lighting Co.* v. *Queens Borough Gas & Electric Co.* [*ante*, 788], decided herewith. Kelly, P. J., Jaycox, Young, Kapper and Lazansky, JJ., concur.