[Civ. No. 10205.  Second Appellate District, Division Two.—May 29, 1935.]

GRACE HELEN SMITH, Appellant, v. JAMES FRANKLIN SMITH, Respondent.

Joseph F. O'Malley and James A. Himmel for Appellant.

John Elliott Cook for Respondent.

WILLIS, J., *pro tem.*—In this action appellant, a former wife of respondent, sued to recover amounts claimed to be due and unpaid under the terms of a certain property settlement agreement executed by the parties prior to their divorce. On September 28, 1923, an agreement was executed by the parties to this action wherein among other things it was provided that respondent should pay to appellant the sum of $250 monthly as long as appellant remained unmarried, such payments being secured by hypothecation of certain corporate stock. Respondent fully performed this agreement up to May 28, 1928, when a new agreement was executed under authority of sections 158 and 159 of the Civil Code, wherein the agreement of 1923 was confirmed and whereby it was provided that the monthly payments should be increased to $300, similarly secured, and that respondent should make a cash payment to appellant of the additional sum of $10,000, in consideration of which added burdens on

respondent appellant agreed to refrain from attacking or violating any of the terms of the agreement or from making any demands on respondent or against any property confirmed by the agreement to respondent as his separate property, or from molesting or interfering with respondent or his full enjoyment of any of said property; and it was therein further agreed that upon breach of such latter promises by appellant the last agreement should be of no further force or effect except in so far as it confirmed the agreement of September 28, 1923, and that thereafter the rights of the parties should be governed by the first agreement of 1923, and that all payments made by respondent under the second agreement, to wit, the extra $50 per month and the sum of $10,000, should be considered as payments in advance and should apply on payments required by the 1923 agreement. On May 29, 1928, appellant obtained an interlocutory decree of divorce from respondent and therein this property settlement agreement was approved by the court. A final decree was entered thereon in 1929, and thereafter respondent was married to another.

Under this modified agreement respondent paid the sum of $10,000 to appellant and made all payments as provided until about October, 1931, when his payments were made in lesser amounts than required by the agreement, and about April, 1933, he ceased to pay anything on the agreement for monthly payments. In January, 1934, appellant commenced this action on the agreement of 1923 and its modification of 1928, and at the date of trial alleged and claimed the sum of $5,900 as being the amount then in arrears. Respondent pleaded in his answer a breach of the molestation covenant in the agreement of 1928, and claimed that the extra payments under the last agreement were in excess of all payments that had then accrued under the first agreement. The case was tried by the court with a jury, and a verdict was rendered in favor of respondent, on which judgment was entered. A motion for new trial was made by appellant and denied. The appeal is from the judgment.

Appellant complains of statements made to prospective jurors and questions asked of them by counsel for respondent on the *voir dire* examination respecting the effect that a religious belief in regard to divorce and remarriage might have upon the juror's mind. There is no merit what-

ever in this point. Both parties had the right to secure jurors who were unbiased. One of the causes for challenge for cause is "the existence of a state of mind in the juror evincing enmity against or bias to either party". (Code Civ. Proc., sec. 602, subd. 7.) The explanatory statements made and the questions predicated thereon by counsel for respondent were all to the end that the juror's state of mind in the above respect might be ascertained. The propriety and justification thereof are fully exemplified by the evidence subsequently introduced, showing that a certain religious belief played a large part in the pleaded defense of molestation. While it is certain that no person shall be rendered incompetent to be a juror on account of his opinions on matters of religious belief (Const., art. I, sec. 4), yet it is equally true that because of his religious faith a prospective juror may be unable to try a certain case impartially, because of a resulting state of mind which would be a ground of challenge for cause. (15 Cal. Jur. 354; *Estate of Malvasi,* 96 Cal. App. 204, 210 [273 Pac. 1097].) Furthermore, it appears in the record herein that no challenge for cause was allowed by the court, both parties exercising only peremptory challenges.

■ Appellant also complains of error in rulings of the court on objections to admission of evidence of two certain letters and files of the municipal court of the city and county of San Francisco. No error is made to appear in either of these instances. The letters were clearly admissible under the issue of molestation, and the files of the municipal court shown and read in evidence were relevant evidence and were original files and therefore competent, and not copies as intimated by appellant.

■ Complaint is also made by appellant of prejudicial error as a result of the action of counsel for respondent in presenting to appellant, while on the witness stand, certain letters for her identification and then not offering them in evidence, it being contended that the trial court erred in permitting this "dramatic trial technique" to be performed before the jury. We are entirely unable to see wherein any prejudice could arise from an attempt to lay a foundation for the offer of letters in evidence, and a subsequent abandonment of the intended offer for lack of proper identification,

when the contents of such letters never came into the body of the evidence given to the jury.

■ The remaining contention of appellant is that the evidence is insufficient to sustain the verdict and judgment. There is no merit in this contention. There was abundant evidence on the subject of molestation which not only is legally sufficient to sustain the verdict but which other evidence in the case showed was of such extent and consequence that respondent felt obliged to remove from his former habitat in and near San Francisco, where he was a leading member of the medical profession, and seek a new and less troubled home and field for practice in Los Angeles.

The judgment is affirmed.

Crail, J., and Stephens, P. J., concurred.