MARBA SEA BAY CORPORATION, Respondent-Appellant, v. CLINTON STREET REALTY CORPORATION and PEOPLE OF THE STATE OF NEW YORK, Defendants, and THE CITY OF NEW YORK, Appellant-Respondent. (Action No. 1.) — Action for the partition of real property at Arverne, Queens county, including land between high- and low-water mark. Interlocutory judgment on appeal by the city of New York reversed on the law and the facts, with costs, and the complaint dismissed, with costs, upon the grounds: 1. The colonial grant is void, so far as the Atlantic ocean foreshore of Rockaway beach is concerned. 2. The plaintiff has failed to prove that its property lay within the bounds of the Palmer grant, as the peninsula existed in 1685. 3. It has not borne the burden required of it to prove loss of land by avulsion, in that the testimony offered is too uncertain, showing only approximately, and as guesses, the amount of land which the several storms carried away, showing that much land was restored between storms, and failing totally to show what the shore line was at any time immediately prior to any one of the storms relied upon as being responsible for the avulsions — upon which the plaintiff bases its claim. In view of this decision the appeal from the order denying plaintiff's motion for an extra allowance is dismissed, without costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Scudder and Johnston, JJ., concur; Lazansky, P. J., concurs. In my opinion, the grant made by Governor General Dongan to Palmer of ten to eleven miles of the foreshore or tideway of the Rockaway peninsula should be held to be void. (*People* v. *Steeplechase Park Co.*, 218 N. Y. 459; see concurring opinion of Willard Bartlett, Ch. J., p. 482.) In that case the grants were only 633 feet in width, and further, it was held they were made by the State under constitutional authority. Young and Carswell, JJ., concur upon the second ground stated. Settle order on notice. [See *Arverne Case, ante*, p. 752.]

ELIZABETH MATHEWS, as Executrix of ERNEST MATHEWS, Deceased, Appellant, v. ROPAG REALTY CORPORATION and Others, Defendants; BLANCHE ROTH and MILL-WORK HOLDING CORPORATION, Respondents.— Order denying plaintiff's motion to vacate a judgment of foreclosure and granting the motions of defendants Roth and Millwork Holding Corporation to direct the referee to proceed with the sale of the premises affirmed, with ten dollars costs and disbursements. We are of opinion that, under the order appealed from, the rights of the plaintiff in and to the award made for the part of the mortgaged property taken in condemnation proceedings are unaffected by the emergency legislation. Plaintiff still has her remedy to have the award applied, in whole or in part, in the event of a deficiency judgment upon the sale of the part of the mortgaged premises remaining. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

JAMES M. MULDOON, Respondent, v. ARTHUR KLEIN and KLEIN's SHIP SUPPLIES, INC., Appellants.— Order denying defendants' motion to dismiss the complaint for insufficiency reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, without prejudice to the commencement of an action at law for money damages. We are of opinion that the allegations of the complaint not only fail to set forth facts showing the existence of a partnership, but that it affirmatively appears therefrom that the plaintiff was nothing more than an employee or agent working on a commission based upon the gross volume of business procured, without any interest in the so-called partnership assets or possible profits. Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ., concur.