James S. Brown, J.
In this action for a dissolution of a partnership, accounting, etc., defendant moves for an order pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice dismissing the complaint on the ground that it does not set forth facts sufficient to constitute a cause of action. The action is brought by a wife against her husband.
Paragraph Two of the complaint alleges that in 1944 the parties “ entered into a joint venture whereby they formed a partnership for the purpose of maintaining and operating hotels, rooming-houses and apartment residences,” and “ That the plaintiff and the defendant were to share the partnership property, assets, income and losses equally.” No other terms of the partnership arrangement are set out in the complaint. The substance of the rest of the complaint is that the parties entered upon the aforesaid business, leasing, purchasing and operating certain buildings for and on behalf of the partnership, using partnership funds; that profits were derived from this business which were used for further development and expansion of the business; that the defendant has committed adultery with vari *961 ous women on many occasions; that plaintiff has commenced an action for an absolute divorce; that because of defendant’s misconduct and his failure and refusal to make a fair distribution of the assets or to account therefor, continuance of the business will not be reasonably practical and same should be dissolved; that defendant has in his name and possession certain personal property, choses in action and real property, the latter described by metes and bounds, which defendant holds “ as Trustee for the benefit of himself and the plaintiff in the partnership.”
One of the grounds urged by defendant for dismissal of the complaint is that there is a failure to set forth sufficient facts to establish the relationship of the parties as partners. While it is true that before an action for a dissolution of a partnership and an accounting can be maintained and a judgment predicated on the existence of a partnership can be had, it must appear factually that a partnership relation exists (Vincent v. Macbeth, 211 App. Div. 110; Muldoon v. Klein, 246 App. Div. 764), nevertheless, I am of the view that while the allegations contained in the complaint leave something to be desired, sufficient facts have been alleged showing the existence of such a relationship.
However, it appears from the complaint that the grounds upon which the action rests are that (1) one of the partners, defendant herein, is guilty of adultery and that an action for divorce has been instituted against him by the other party, and (2) defendant has refused to make a distribution of the assets or to account therefor.
Dissolutions of partnerships can only be brought about as provided by sections 62 and 63 of the Partnership Law. An examination of section 62 reveals that subdivision 1 (par. [b]) is the only subdivision of this section that possibly could be applied to the situation presented herein provided the proper facts are pleaded. Subdivision 1 (par. [b]) reads as follows: “ By the express will of any partner when no definite term or particular undertaking is specified ”. The courts, however, have held in order to effect a dissolution of a partnership at will ‘ ‘ there must have been a mutual agreement to dissolve, or there must have been notice by a party desiring a dissolution to his copartners ‘ of his election to terminate the partnership or his election must be manifested by unequivocal acts or circumstances brought to the Tcnowledge of the other party which signify the exercise of the will of the former that the partnership be dissolved.’ (Spears v. Willis, 151 N. Y. 449.)” (Brady v. *962 Powers, 112 App. Div. 845, 849-850.) The courts have further declared that “ The bringing of an action for dissolution of a partnership and for an accounting does not constitute an election on the part of plaintiff to exercise his right to dissolve the partnership notwithstanding that he had such a right to dissolve. There must be a notice of election to terminate or a mutual agreement.” (Gerstein v. Teitelbaum, 273 App. Div. 886.) Nowhere in the complaint has the plaintiff set forth such facts even though it may well be that such notice of election was given. The court, however, cannot assume from the facts as pleaded that such notice was given. In addition, while allegations of adultery and the institution of a divorce action could be the basis for terminating an alleged partnership at will, it cannot be said that these are unequivocal acts or circumstances signifying an election to dissolve for it is common knowledge that wives have divorced husbands without terminating businesses in which both parties were interested.
Nor does the plaintiff plead any facts which would fall within the provisions of section 63 of the Partnership Law. A reading of the entire section and its subdivisions clearly shows that the intent of the Legislature was to permit a dissolution only if the acts complained of directly affected the management of the partnership.
The contention raised by the defendant relative to the accounting, trusteeship, etc., will fall by the wayside if plaintiff is able to properly set forth her rights to the dissolution. In an action for a dissolution of a partnership the accounting, impressing of a trust, appointment of a receiver, etc., are merely incidental relief sought in the dissolution of the partnership. (See Friedland v. Friedland, 12 Misc 2d 349 [Brenner, J.]; 6 Bender’s Forms of Pleading, § 328.)
Accordingly, the motion to dismiss is granted, with leave to the plaintiff to serve an amended complaint if so advised within 20 days after service of a copy of the order to be entered herein, with notice of entry.
Settle order on notice.