Burke, J. (dissenting).
Plaintiff wife brings this action for money due and owing under a separation agreement entered into by her and the defendant husband in 1957. The husband urges as a complete defense to the action the Avife’s breach of one of the covenants of the agreement Avhich, according to the husband, gives him the option of repudiating the entire agreement under the following paragraph thereof: “16. A default in any part of this agreement, may at the option of the non-defaulting party, be deemed a default under the entire agreement.” The covenant Avhich the wife is alleged to have breached is as foIIoavs : “ 2. That neither party shall molest the other, nor compel the other to dAvell or cohabit Avith him or her by any legal proceeding or otherwise. ’ ’
Both the determination below and plaintiff’s arguments in this court rely on the authority of our recent decision in Borax v. Borax (4 N Y 2d 113). It seems to me that such reliance is misplaced. . In Borax the complaint Avas for separation, and the plaintiff wife sought to avoid the impact of an existing - separation agreement by alleging that the agreement Avas broken, and all obligations thereunder ended because of defendant husband’s breach of a.covenant against molestation. We held that the *830 covenants were independent, the breach of one not operating to destroy the continuing obligation of the other. However, the issue presented and the facts upon which it arose differ significantly from this case. True, there the agreement conditioned the husband’s continuing obligation to pay upon the performance by the wife of all her covenants, including a mutual covenant against molestation. This would have given the husband the right to stop payments under the agreement if the wife molested him. But that did not happen. It was the husband that allegedly molested the wife, and since there was no other provision for termination of the agreement upon the breach of any covenant by either party, and since the husband apparently was willing to continue performance of his duty to pay the agreed support, we saw no reason to impute to the parties an intention to have the entire agreement fall as a result of the breach of one covenant, independent in form.
In the leading authority, Fearon v. Earl of Aylesford (14 Q. B. D. 792 [1884]), an action was brought for the arrears of an annuity which the Earl, in a deed of separation, had covenanted to pay his wife. The Earl defended on the ground, inter alia, that his wife, by breaching her covenant not to molest him, had forfeited her right to the annuity. In giving judgment for the wife, the Court of Appeal held that a “ simple, plain and absolute ” covenant not to molest would not be construed as a condition of the husband’s contractual obligation to pay the annuity. Far from laying down a special rule for deeds of separation, the court pointed out that: ‘ ‘ The doctrine, on which the Courts have decided whether covenants or clauses in deeds or agreements which in their form are separate and distinct, are nevertheless to be treated as reciprocal, and the one being a condition of the other, has often been enunciated, and the rules have been laid down. Does this case, where the two covenants are independent in form, come within these rules? ” (14 Q. B. D. 800; emphasis added.)
In Sabbarese v. Sabbarese (104 N. J. Eq. 600, 601, affd. on opinion below 107 N. J. Eq. 184), in which breach of a covenant against molestation was urged as a defense to an action by a wife to enforce the husband’s covenant to pay support, the couijt held that “ the breach of the covenant against molestation is no defense to a suit to enforce payment under the agreement. The covenants are independent”. While it does not appear from the opinion whether the clauses were in terms independent, *831 the single case cited by the court (Thomas v. Thomas, 104 N. J. Eq. 607) expressly put its decision on the ground that the husband’s obligation to pay was “not, by the agreement, conditioned on the performance of the [wife’s] promise not to sue ” (p. 609). Similarly, the remaining cases cited in the Borax opinion (Stern v. Stern, 112 N. J. Eq. 9, and Hughes v. Burke, 167 Md. 472) were based on a finding that the agreements in question contained independent covenants. (See Lindey, Separation Agreements [Eev. ed.], § 9, subds. 3, 6.)
While we may even strain to find some indication of an intention to make covenants independent, I do not see any justification for a holding that it is beyond the power of a separated couple to stipulate that upon the happening of some event, molestation for example, the contractual obligations under the separation agreement shall cease. (See Smith v. Smith, 7 Cal. App. 2d 271; Verdier v. Verdier, 133 Cal. App. 2d 325.) All such a stipulation does is end the the contractual obligation (Lipp v. Lipp, 218 App. Div. 788; Drummond v. Drummond, 171 N. Y. S. 477); .the duty imposed by law subsists. We have had occasion before to point out the independence of duties undertaken by agreement, which are subject to all the terms of the agreement, and identical or similar duties imposed by law and enforcible by the special sanctions provided by statute. (Goldman v. Goldman, 282 N. Y. 296.) Moreover, it cannot be said that, because the public has an interest in marriage, the courts will exercise administrative control over the provisions of separation agreements. Absent some clear inadequacy of provision, that battle was settled long ago in favor of judicial restraint. (Galusha v. Galusha, 116 N. Y. 635.)
Of course, some agreements are so clearly against the welfare of the public that the courts can disregard them. I do not understand covenants against molestation to be of that character. Doubts concerning their validity or the validity of covenants to live separate and apart do not seem to me to be well founded. To my mind the compact to live separately is what a separation agreement is all about.
Enforcing this agreement according to its terms will not have the effect of depriving a wife of a practical remedy for the enforcement of her rights. When a husband stops payment under a separation agreement on the ground that the wife has breached a dependent covenant, the wife has two alternatives. First, she may acquiesce in the termination of the agreement by *832 bringing a Patrimonial action and asking the court to fix support (mutual consent ends the agreement and it no longer bars a separation action). In'this case a temporary support order is obtainable either in the Supreme Court itself (Civ. Prac. Act, §§ 1169,1170 [which will become Domestic Relations Law, §§ 236, 237, as added by L. 1962, eh. 313, eff. Sept. 1, 1963]) or the new State Family Court (Family Ct. Act, § 464). Second, she may choose to rely on the" agreement and bring an action for its enforcement, in which case she can simultaneously and without repudiating the agreement bring a support proceeding in the State Family Court. (Family Ct. Act, §§ 412, 442, 434 [temporary order].) Section 463, which implicitly provides that where a valid separation agreement is in effect support is limited to cases where the wife is likely to become a public charge, should not, I think, be read to prevent support on the usual means basis where the husband’s position is that the agreement is terminated. He cannot defend the wife’s action on the agreement on the ground that he terminated it and at the same time resist her application for support in the Family Court on the ground that an existing agreement bars such relief.
Lastly, covenants against molestation do not offend our policy of encouraging reconciliation by forbidding mere importunities to reconcile. Actionable molestation is limited to such conduct as is calculated to seriously annoy a person of average sensitivity. (Fearon v. Earl of Aylesford, 14 Q. B. D. 792, supra; Benesch v. Benesch, 106 Misc. 395.)
Since the covenant against molestation is not offensive to our policy, I must reach the conclusion that there is no basis for refusing to give effect to the parties’ unequivocally expressed intention to render the entire agreement voidable by one party upon default by the other in any part. Our decision in Borax (supra) should be read in light of its facts and not construed as an absolute deprivation of the power to make such an agreement. I fail to see how justice is served by permitting the wife to retain contractural advantages in defiance of the terms upon which they were expressly conditioned. If this defense can be established the wife should be remitted to the rights given her by law.
Accordingly, I would reverse the order appealed from and answer the certified question in the negative.
Order affirmed, etc.