MARY F. BENESCH, Plaintiff, *v.* WILLIAM F. BENESCH, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan, Sixth District, July, 1918.)*

Contracts — husband and wife — when plaintiff not precluded from a recovery in an action upon a separation agreement — counterclaim — appeal.

Where the payment of the sums agreed to be paid by a husband under a separation agreement is not conditioned upon the wife not commencing any action, the fact that she sued for

---

* Received too late for insertion in proper place.— [REPR.

a separation and was erroneously awarded counsel fees and alimony in a sum greater than provided by the separation agreement, does not avoid it or exonerate the husband from the payment of the sums stipulated to be paid.

In order to exonerate the husband from his obligation to pay the amount agreed upon for his wife's support, a violation of the terms of the agreement by her must be in bad faith and it must be determined as a question of fact whether any such alleged violation was committed without justification or maliciously or has been repeated so as to indicate intentional annoyance to the husband, or whether there has been a breach of a substantial part of the agreement so as to materially affect the rights of the husband thereunder, and if not found to be of that character, a provision for the support of the wife will be upheld and she may enforce the same by an action to recover what is due her.

The Appellate Division upon reversing a judgment in favor of the wife in her action for a separation, held that the evidence established that there had been no repudiation by defendant of the separation agreement and the order of reversal recited that the agreement was in full force and directed the dismissal of the complaint without costs. In an action to recover the amount due under said agreement, which, though providing that it should become void " if either party commits any act which would entitle the other to a decree of divorce or if there should be a reconciliation " did not provide that no action should be brought by either party against the other, *held,* that as it appeared that the action for separation was not brought maliciously or with intent to annoy or molest the defendant and that plaintiff believed in good faith upon the advice of counsel that she had a right to maintain such action because of what she and her counsel believed was a breach of the separation agreement by defendant, plaintiff was not precluded from a recovery herein.

Though one of the terms of the agreement was that neither party should molest the other, neither the fact that plaintiff, by a letter to defendant couched in polite language, asked for a meeting, that she visited a friend of both, which the agreement did not forbid, nor the fact that she once complained to the head of the department in which defendant was employed regarding his failure to keep the separation agreement, was sufficient ground for defeating a recovery in the present action.

The Appellate Division having held that plaintiff had no right to maintain the action for separation, the counsel fee allowed her therein will be allowed as a counterclaim and deducted from the amount due plaintiff under the separation agreement when the present action was commenced, but a counterclaim for the amount paid by defendant to his attorney for services and disbursements in the separation action will be disallowed, as the claim therefor did not arise out of the separation agreement.

The Appellate Division having also decided that the allowance of any alimony or alimony in excess of that provided by the separation agreement was improper, defendant was entitled to counterclaim for the difference between the sum stipulated in the agreement to be paid monthly and the larger amount allowed by the Special Term as alimony, and paid by defendant until the judgment was reversed.

ACTION upon a separation agreement.

James H. Hickey, for plaintiff.

James D. Clifford, for defendant.

MARKS, J.   On July 21, 1916, plaintiff and defendant entered into an agreement of separation which contained, among other provisions, the following that bear upon the questions at issue in this case:

The payment by the defendant to the plaintiff of eighteen dollars on the second and sixteenth days of each month, commencing August 2, 1916. That the plaintiff will not annoy, visit or call on the defendant or any of his friends, relatives or acquaintances or in any way interfere with him or them either at their places where they are now residing or may hereafter reside or where they are now employed or may hereafter be employed or any other places. That neither of the parties will molest the other.

" *Seventh.* The party of the second part hereby covenants and agrees that she will not at any time

Municipal Court of New York, July, 1918. [Vol. 106.

hereafter contract any debt or debts, charges or liabilities whatsoever for which the party of the first part or his property or estate shall or may become personally liable or answerable and the said party of the second part hereby covenants and agrees that she will at all times hereafter keep the said party of the first part free, harmless and indemnified from any and all debts or liabilities heretofore or hereafter contracted or incurred by the said party of the second part and from any and all actions, proceedings, claims and demands, costs, damages and liabilities or any of them.

" *Eighth.* In case the said party of the first part shall at any time or times hereafter be called upon to pay or discharge and shall in fact pay or discharge any debt or liability heretofore or hereafter incurred or contracted by the said party of the second part, then and in every such case it shall be lawful for the said party of the first part, at his option, to deduct or retain the amount which he shall have so paid together with all costs and expenses out of any sum or sums of money then due or thereafter to grow due and to pay (sic) to the said party of the second part herein."

Then follows a provision that should either party commit any act which would entitle the other to a decree of divorce, the agreement may be terminated by the innocent party giving notice to the other, whereupon the agreement shall become null and void, or in case of reconciliation, the agreement shall become void.

On January 8, 1917, plaintiff commenced an action for separation alleging in her complaint cruel and inhuman treatment, and abandonment and failure of the defendant to support her. Judgment was rendered in her favor. Upon appeal, the Appellate Division reversed the judgment (*Benesch* v. *Benesch,*

182 App. Div. 221) and held that the evidence established the fact that there had been no failure on the part of the defendant to perform the contract and hence no repudiation of the contract by him. The order of reversal recites: *First.* That the complaint of the plaintiff should be dismissed on the merits. *Second.* That the plaintiff is not entitled to any decree of separation. *Third.* That the separation agreement is binding on the plaintiff and defendant, is legal in every respect and is in full force. *Fourth.* That judgment is directed for the defendant dismissing the complaint without costs.

The plaintiff thereupon commenced this action for the amount due at the rate stipulated to be paid under the agreement.

While the agreement provides for plaintiff's support at the rate of $36 per month, the Special Term allowed alimony at the rate of $50 per month, but in computing the balance of $400 due plaintiff at the time of the commencement of this action, she credited the defendant with the sum of $175 paid by him under the Special Term judgment at the rate of $36 per month and not at $50 per month. The defendant, as part of his counterclaim, seeks to recover back this $175 paid upon the judgment before its reversal by the Appellate Division as paid '' under a void judgment '' and also the further sum of $100 awarded to plaintiff as counsel fees in that action, and also sums paid to his attorney for services in defending the action, and for stenographer's fees, printing cases and points and other disbursements in the action aggregating $473.13; and by way of defense pleads a general denial, payment, breach of contract by plaintiff, waiver and estoppel.

The defenses and counterclaims are predicated upon the act of the plaintiff in commencing the separation

suit, and in an affidavit upon a motion for a reargument of the appeal, stating as follows: " The undisputed fact is that from some time in October, 1916, to January 8, 1917, the date of the commencement of the action, the payments due under the agreement were not made (except that $13 was sent some time in October and returned), the said breach constituting a repudiation of the agreement which plaintiff elected to consider a rescission by commencing suit," and in violating the conditions of the agreement not to molest the defendant and not to visit his friends. The defendant also claims that the covenant of indemnity as contained in the 7th paragraph of the agreement entitles him to recover on his counterclaim for the expense he was put to by the bringing of the separation suit.

The only terms contracted for upon which the contract should become void are if either party commits any act which would entitle the other to a decree of divorce, or if there should be a reconciliation, and the defendant, as he claimed in the separation suit, and as found by the Appellate Division, not having repudiated the agreement and having disputed and contested the right of the plaintiff to rescind, and never having assented to a rescission, is not, in my opinion, in a position now that the plaintiff has been relegated by the decision of the Appellate Division to her rights under the contract, to dispute his liability for the amounts he obligated himself in that agreement to pay, unless it can be held now that by the commencement of that action or other acts complained of by the defendant, the plaintiff has so far violated the agreement that she is not entitled to the support provided for therein.

The separation agreement does not provide that no action shall be brought by either party against the

other, and the election to rescind, as stated by the plaintiff in her affidavit submitted to the Appellate Division, was based upon a false premise — the plaintiff claiming that the defendant had repudiated the agreement by not making the payments provided therein, while the defendant maintained, and the Appellate Division held, that he had made all payments, had not repudiated it and that the agreement was in full force. The plaintiff's election to disregard the agreement, and seeking to obtain by judgment the same relief that the agreement gave her, and bringing the action for separation in which she expressed this election, was not effective to rescind the contract. It required either the assent of the defendant, or a breach on his part of the contract, or some act of fraud in inducing the making of it upon which the court would have the right to make a decree declaring the contract annulled. But none of these conditions exists in this case, and in this respect this case is to be distinguished from those cited by defendant (*Randolph* v. *Field,* 165 App. Div. 279; *Lawsberg* v. *Lawsberg,* 171 id. 354) in which both parties to the actions, husband and wife, considered the agreement repudiated at the time of the commencement of the action, and the husbands, defendants in both actions, admittedly at the time of the commencement of the actions, had refused to pay the amounts stipulated in the separation agreements, while in the instant case, the defendant in his answer in the separation action alleged full performance on his part, that the separation agreement was a valid and subsisting agreement, and the Appellate Division so found. Nor was there an election of remedies by the plaintiff in commencing her action for separation, as also claimed by the defendant.

That doctrine does not apply to a case where the

court finds that a plaintiff has mistaken his remedy and has no cause of action and dismisses the action. By bringing that action she did not forfeit her legal right to bring this action to recover from the defendant what he owes her under the agreement. *Henry* v. *Herrington,* 193 N. Y. 218–222.

The question, therefore, remains to be decided whether the violations of the agreement on her part are such as to preclude her from recovering.

There is no provision in the agreement in express terms that conditions the payment of the sums agreed to be paid by defendant upon the plaintiff not commencing any action. The commencement of the separation suit or the fact that the plaintiff was erroneously awarded counsel fees and received alimony in a sum greater than that provided in the agreement does not void the agreement or exonerate the defendant from the payment of the amount stipulated in the agreement which has been declared to be in full force and effect. *Henry* v. *Herrington, supra; Hughes* v. *Cuming,* 36 App. Div. 302–309; *Chamberlain* v. *Cuming,* 99 id. 561, 562.

A contract between husband and wife is void at law and upheld solely in equity, and then not in every case, but only where the provision for the maintenance of the wife or children is suitable or proper. *Hungerford* v. *Hungerford,* 161 N. Y. 550–553.

Such a contract is not an ordinary one between parties competent to contract, but there is a distinction to be drawn between contracts of separation between husband and wife and strictly business contracts. The same strict principles or the same considerations that are applied to or govern the duties of parties to business contracts cannot always govern or be applied to the enforcement of every provision of a separation agreement.

Both parties to such an agreement are required to carry it out in good faith, but every violation of its terms by the wife does not exonerate the husband from his obligation to pay the amount agreed to be paid by him for her support. In my opinion, the violation must be in bad faith, to be determined as a question of fact, involving the consideration of whether, under all the circumstances disclosed, the act complained of was committed without justification or maliciously, or has been repeated so as to indicate intentional annoyance to the husband, or whether there has been a breach of a substantial or material part of the agreement, so that the rights of the husband under the agreement have been materially affected, and if found not to be of that character, the provision for support should be upheld and the wife permitted to maintain an action under it.

The cases cited by the defendant in which recoveries for the amounts stipulated to be paid by a husband under a separation agreement have been refused (*Duryea* v. *Bliven,* 122 N. Y. 567; *Muth* v. *Wuest,* 76 App. Div. 332) were cases of violation by the wife, without justification, of substantial and material parts of the contract, the right of the husband to see his children.

The evidence given upon the trial before me satisfies me that the separation suit was not brought maliciously or with intent to annoy or molest the defendant, and that the plaintiff believed in good faith, coupled with the advice given by counsel, that she had a right to maintain such action, because of what she and her counsel believed was a breach of the separation agreement by the defendant. The defendant claims also that the plaintiff molested him by writing him a letter to meet her. The letter is couched in polite language and does not appear to have been

repeated. So the claim that the plaintiff visited a friend of the defendant and complained of the defendant's conduct is not a substantial or material violation. The friend that she visited was her friend as well as the defendant's, and the contract does not provide that she may not visit her friends. Nor is the fact that she may have once complained to the head of the department in which defendant is employed regarding defendant's failure to keep his agreement, material or substantial or sufficient ground for defeating a recovery for the instalments due.

The defendant, showing a disposition to consider the agreement in full force, continued to make or tender payments under the agreement after the three last named acts on the part of the plaintiff and continued to do so after the commencement of the separation suit.

The $100 counsel fee allowed to plaintiff in the separation suit is allowed as a counterclaim and deducted from the amount due plaintiff at the time this action was commenced, upon the principle that as the Appellate Division has reversed the judgment and held that the plaintiff had no right to maintain the action, the order awarding it was erroneous and the money so paid belongs to the defendant, for the recovery of which he may maintain an action. *Scholey* v. *Halsey,* 72 N. Y. 578-582.

For the same reason, the defendant is entitled to the sum of fourteen dollars per month — the difference between thirty-six dollars stipulated in the agreement to be paid monthly and fifty dollars allowed by the Special Term and paid by defendant under the judgment until reversed. The Appellate Division decided that the allowance of any alimony or alimony in excess of that provided in the agreement was improper. The defendant cannot recover it all back

as paid " under a void judgment." He was obligated under the agreement, which has been declared to be in full force and effect, to pay thirty-six dollars monthly, and any sums paid in excess of that may be counterclaimed for and have been credited by plaintiff in computing the amount claimed to be due her at the time of the commencement of this action. In other words, giving the defendant credit at the rate of thirty-six dollars per month for all sums paid by him since the agreement was made, including the one hundred and seventy-five dollars paid under the judgment of the Special Term, the total sums thus received by plaintiff leave a balance due, at the rate of thirty-six dollars per month, of four hundred dollars at the time this action was commenced, so that the defendant is not damaged by the payments made to plaintiff under the judgment. If the payments made under the judgment had exceeded the total amount of his liability under the agreement at the time of the commencement of this action at the rate of thirty-six dollars per month he would have been entitled to recover the excess.

The claim for $473.13 paid by defendant to his attorney for services and for disbursements in the separation suit is disallowed. That claim does not arise out of the contract sued upon in this case as there is no provision therein that neither party shall commence any action, and the payment of the amounts agreed upon for support is not conditioned upon the plaintiff not commencing any action, and plaintiff had the right to assert by action any legal rights which she believed she possessed without being liable for disbursements incurred by her husband and not allowed by the court or by the Code. Costs in a separation suit are discretionary (Code Civ. Pro. § 1769) and the Appellate Division dismissed plaintiff's complaint without costs.

Municipal Court of New York, July, 1918.    [Vol. 106.

Nor is the claim in this respect for these disbursements one arising upon a cause of action on contract as provided in subdivision 2 of section 501 of the Code.

Where costs are awarded by judgment there is an implied contract on the part of the party against whom they are awarded to pay them, and though they do not in any contested case cover the successful party's expense, it is only in cases where the gravamen of the action is malice or fraud, or upon covenants of warranty or indemnity, or upon undertakings where the recovery of damages for the services of an attorney and expenses of litigation is fairly contemplated by statute or the contract that such additional recovery can be had for such services and expenses not otherwise taxable. Nor can the defendant recover those disbursements under the 7th paragraph of the agreement. That is not an indemnity for expenses or costs or damages in an action of separation, but I construe that paragraph to mean when read in connection with the 8th paragraph, that the plaintiff will indemnify the defendant from any and all actions, proceedings, claims, demands, costs, damages or liabilities that may arise by reason of the plaintiff having theretofore contracted or incurred debts or liabilities or that she might thereafter contract or incur for which the defendant or his estate might become personally liable, and the amounts paid by the defendant and set up as a counterclaim, in addition to not arising out of the contract, consist of moneys paid for the services of his attorney and disbursements in the case contracted by him and not debts that the plaintiff contracted.

The plaintiff is entitled to recover the sum of $400, less the counterclaim of $100, paid to her as counsel fee.

Judgment accordingly.