Hugh S. Coyle, J.
This is a motion by plaintiff for an order striking out the “ First, Affirmative and Complete Defense ” to the complaint, as set forth in paragraphs numbered “3” through “ 5 ”, inclusive, pursuant to subdivision 5 of rule 109 of the Eules of Civil Practice, upon the ground that it appears on the face of said defense that the same is insufficient in law.
The plaintiff relies upon the rule enunciated by the Court of Appeals in Borax v. Borax (4 N Y 2d 113, 115-116). The court stated the rule and its rationale at length as follows:
“ Insofar as a covenant against molestation merely purports to prohibit importunities to resume the marital relationship, such a covenant may well be void, in which event it would have to be construed as an independent covenant unless it were to vitiate the entire separation agreement. Even assuming molestation to be a broader term covering other behavior between separated spouses, consistency requires that a covenant against all kinds of molestation should be treated as independent. Even where valid, covenants against molestation are similar historically to covenants to live separate and apart, and resemble them in structure and design in separation agreements. Lindey on *291 Separation Agreements and Ante-Nuptial Contracts recognizes that convenants against molestation other than to compel restitution of conjugal rights may be valid, but treats such covenants as independent (Rev. ed., 1953, pp. 108-109). Such an interpretation is in accord with other authority (Stern v. Stern, 112 N. J. Eq. 8, affd. 113 N. J. Eq. 185; Sabbarese v. Sabbarese, 104 N. J. Eq. 600, affd. on opinion below 107 N. J. Eq. 184; Thomas v. Thomas, 104 N. J. Eq. 607; Hughes v. Burke, 167 Md. 472; Fearon v. Aylesford, supra).
“ Inasmuch as it is the continuance in effect of support and maintenance provisions in separation agreements that precludes the maintenance of separation actions, it would be impossible to distinguish between the dependence or independence of covenants of molestation according to whether the action is brought by the husband or by the wife. In either event the issue of the contract as a bar would turn upon the existence in force of the covenant to support and maintain as the decisive factor. It is wiser in neither instance to hold that separation agreements are terminated under the name of molestation, by the acrimonious ■interchanges which are so often an aftermath of matrimonial disputes. If we were to assume freely that conduct of this kind constitutes molestation, which is not decided, it would frequently be unjust to allow a husband to escape payment of promised support for the reason that the wife has at some time engaged in bitter invectives or humiliating behavior. The same rule holds good for both sides. These agreements survive divorce for adultery (Galusha v. Galusha, 116 N. Y. 635), and it seems wiser to follow the rule treating molestation as an independent covenant rather than to have it constantly brought into court as a litigious basis for ending these agreements, the chief merit and object of which is to bring some stability and continuity into what is at best a troublesome relationship. Covenants of this kind are different from those providing for visitation rights for children which are held to be dependent (e.g., Duryea v. Bliven, 122 N. Y. 567; Muth v. Wuest, 76 App. Div. 332). There installments of money are to be paid, at least in part, for the support of the persons whom the defendant has a right to see and visit under the terms of a separation agreement. The father’s right to see his children is tied into his covenant to provide agreed sums of money for their support. Neither are visitation rights subject to the factors which have led to the independent status of covenants of separation and nonmolestation. ’ ’
The defendant on the other hand relies upon the authority of Galusha v. Galusha (116 N. Y. 635) and has endeavored to *292 distinguish that case from the Borax case (supra). In the case at bar, the parties entered into a separation agreement dated July 15, 1957 wherein they agreed in part as follows:
“ 2. That neither party shall molest the other, nor compel nor endeavor to compel the other to dwell or cohabit with him or her by any legal proceeding or otherwise.” * * *
“ 16. A default in any part of this agreement may at the option of the non-defaulting party, be deemed a default under the entire agreement. ’ ’
The first affirmative and complete defense deals with the fact that the plaintiff has breached the agreement by violating her covenant not to molest the defendant, and has continuously and regularly molested, annoyed, irritated and interfered with defendant’s orderly and normal family and business relations. The distinction made by defendant in the cases cited above hinges upon paragraph numbered “ 16 ” of the separation agreement, above quoted. Defendant contends that as no such provision appeared in the separation agreement in the Borax case, that in and of itself, distinguishes the cases and permits the said defense to stand. With this the court cannot agree. The action is by plaintiff wife to recover payments claimed to be due under the separation agreement, in the amount of $10,339.73, with interest. Lindey, Separation Agreements and Ante-Nuptial Contracts, a recognized authority (Rev. ed., 1953, pp. 108-109), summarizes the rule as follows:
‘ ‘ For one spouse’s breach of his or her covenant in a separation agreement to relieve the other from liability on his or her covenants, the respective covenants must be interdependent, and the breach must be substantial, committed in bad faith, and not caused by the other’s fault.
* ‘ A breach of the covenant against molestation is no defense to a suit to enforce payment under a separation agreement. The wife’s covenant not to molest, and the husband’s covenant to pay, are deemed to be independent ’ ’.
It is therefore the decision of this court that the first affirmative and complete defense, is insufficient in law and is accordingly stricken.