## Richmond

MARY LOUISE JORDAN ANTHONY v. THOMAS JAMES ANTHONY.

April 23, 1973.

Record No. 7965.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Max Jenkins (H. N. Osborne; Goldsmith & Jenkins,* on brief), for appellant.

*John B. Spiers, Jr. (Spiers, Spiers & Mink,* on brief), for appellee.

Per Curiam.

Mary Louise Jordan Anthony filed a bill of complaint against Thomas James Anthony, her husband, seeking separate maintenance as well as custody and support of their unemancipated children, Aileen Agnes and Helen Peyton. Thereafter, Anthony filed an answer and cross-bill for a divorce and custody of the children, alleging that Mrs. Anthony did "willfully, wrongfully and without any just cause . . . desert and abandon" him on December 12, 1970. Upon the depositions of the parties and of Helen Peyton, the chancellor, by decree entered September 13, 1971, dismissed Mrs. Anthony's bill and granted Anthony a divorce *a mensa et thoro* on his cross-bill. Custody of the two children was awarded to the wife, and Anthony was ordered to pay

Mrs. Anthony $150 per month for the support of Aileen Agnes. The decree relieved Anthony of any obligation of support for Helen Peyton as of August 1, 1971.

We granted Mrs. Anthony an appeal from the decree to consider whether the chancellor erred in granting Anthony a divorce, in refusing to direct support payments for Helen Peyton, and in fixing the amount of support for Aileen Agnes.[1]

█ The record does not support a finding that Mrs. Anthony did "willfully, wrongfully and without just cause or excuse desert and abandon" her husband. Mrs. Anthony was the only witness to testify as to the events that led up to the separation of the parties. Her uncontradicted testimony indicates that Anthony's conduct justified her in leaving him. Anthony relies heavily on two letters Mrs. Anthony wrote him just after she moved from their home. These letters advised Anthony that she and the children had moved from the home to an apartment on December 12, 1970. In one of the letters she said, "I pray this will be the last time I am ever forced to do such a thing." We find nothing in the letters to show that Mrs. Anthony left her husband without just cause.

█ Mrs. Anthony contends that the chancellor abused his discretion in refusing support for Helen Peyton, who was a sophomore at Virginia Polytechnic Institute and State University (V.P.I.). We agree. Helen Peyton voluntarily moved to the dormitory at V.P.I. with the consent of her mother but contrary to the wishes of her father, which action the chancellor held relieved Anthony of any obligation to support her. We hold that a family disagreement relative to a child's living in a college dormitory is not a sufficient ground to deny support for the child.

We further hold that the record does not show that the chancellor abused his discretion in fixing the amount of $150 per month for the support of Aileen Agnes.

The final decree, insofar as it awarded Anthony a divorce, will be reversed and the cause remanded to determine the amount due Mrs. Anthony for the support of Helen Peyton from August 1, 1971, until the time she became emancipated.

*Reversed and remanded.*

---

[1] Mrs. Anthony waived any claim to support for herself.