ELSA M. M. REYBOLD, Respondent, *v.* PHILIP C. REYBOLD, Appellant.

Fourth Department, July 5, 1974.

---

*Giles, Maloney, Marsh, Clary & Swartz* (*H. Thomas Swartz* of counsel), for appellant.

*Conboy, McKay, Bachman & Kendall* (*Floyd Chandler* of counsel), for respondent.

CARDAMONE, J.  Plaintiff wife and defendant husband had been living apart for some time when on May 12, 1970 they entered into a separation agreement.  Under its terms the husband agreed to pay $200 per month for the support and maintenance of the wife until her remarriage or death.  Almost immediately, on May 14, 1970, plaintiff obtained an uncontested divorce in the State of Nevada.  Both parties were represented by counsel and the separation agreement referred to in the decree survived it.

The $200 monthly payments were made until April, 1972 when difficulties arose by reason of the claimed failure of the defendant to make these payments promptly and claimed interference with the defendant by reason of plaintiff contacting his superiors regarding the tardy payments.  As a result, a supplemental agreement was entered into by plaintiff and defendant on April 7, 1972 which provided (1) that the defendant make the $200 monthly payments on the 15th day of each month; (2) that

neither party shall interfere with or molest the other in any manner whatsoever, or with any of the associates or friends of either party; and (3) that the wife will furnish to the husband a bona fide mailing address. In June, 1972 the defendant husband, a Lt. Colonel in the United States Army, was transferred to Camp Drum in Jefferson County, New York, where he is presently serving. The plaintiff wife moved from Nevada to Fayetteville, North Carolina where she now resides.

The April, 1972 payment was not made on the 15th (it was made on April 28). However the defendant claimed that the plaintiff had contacted his superiors and otherwise harassed him between April 7 and April 15. He alleged that the harassment continued thereafter into May, 1972. Defendant refused any further payment, claiming that plaintiff had breached the nonmolestation clause of the supplemental agreement.

Thereafter, plaintiff instituted an action in Supreme Court of Jefferson County for arrears. In his answer defendant alleges two affirmative defenses in which he claims that the court is without jurisdiction and that he had no obligation to support and maintain his wife subsequent to her breach. Plaintiff's motion for summary judgment in the amount of $2,800 plus interest and costs was granted by Special Term, from which the defendant husband appeals.

Special Term correctly concluded that although defendant is a military officer temporarily stationed in New York the State courts have jurisdiction over his person because a military reservation owned by the Federal Government within the boundaries of New York is subject to all the laws of this State not contrary to Federal law (*Matter of Kernan*, 247 App. Div. 664, affd. 272 N. Y. 560). Defendant was served personally by plaintiff with a summons and complaint in New York, thus providing a proper basis for New York jurisdiction (CPLR 308).

Appellant husband's principal argument on this appeal is that the separation agreement (1970) upon which plaintiff's action for arrearages in support is bottomed was modified by a supplemental agreement (1972) which expressly conditioned support payments upon the plaintiff wife's obligation, which he claims she has breached, not to interfere with or molest the defendant husband. We think that there is sufficient merit to this argument on the law and facts to preclude granting summary judgment in this case.

We reach this conclusion for several reasons. The express covenant not to molest contained in the supplemental agreement was specifically made interdependent with the other clauses and it was the essence of it.[1] Thus, the instant case is factually substantially different from *Shedler* v. *Shedler* (12 N Y 2d 828, affg. upon the op. at Special Term, 32 Misc 2d 290) and *Borax* v. *Borax* (4 N Y 2d 113). It should be noted that in neither agreement in *Borax* nor *Shedler* was there an express provision making the covenant not to molest (a) dependent on any other covenant, or (b) the essence of the agreement. Here lies the crucial difference. In the instant case we have an agreement which fulfills both of these elements; that is, covenants which by their own terms are dependent and essential.

These parties were divorced in 1970. The defendant husband has remarried. The supplemental agreement entered into between them in 1972 relating to support and nonmolestation should be construed and enforced as expressly stated and from the evident sense and meaning intended by the parties. Whether promises are dependent or independent is to be determined by the intent of the parties (6 Williston, Contracts [3d ed.], § 824). Assuming that the defendant husband can prove the wife's breach of this agreement, nevertheless, the statutory obligation to support is still enforceable even though the contractual obligation has ended (*Goldman* v. *Goldman*, 282 N. Y. 296).

To indulge in the legal fiction that these clauses are independent of each other, when, by their express terms they are not, would result in the anomalous situation that would permit the divorced wife to insist upon her part of the bargain while depriving the husband of being able to obtain performance for his bargained-for consideration. Such an enforced fiction becomes even more dubious when it is recognized that the defendant husband doubtless will be unable to prove compensable damages even should he decide to institute double litigation on the same contract. A contract condition relating to rights of visitation for the husband and a condition relating to support

---

1. Adequate consideration existed for this in the husband's promise to make payments by the 15th. Under the earlier (1970) agreement no payment date had been specified, possibly permitting the husband to withhold payments for several months and then make a lump-sum payment. Such arrangement was unsatisfactory for the wife who needed a definite payment date on which she could rely.

in the same contract have been held to be dependent upon each other (*Duryea* v. *Bliven*, 122 N. Y. 567).

There is no claim of fraud or duress. The objectives sought to be obtained by this supplemental agreement are not illegal and clearly not violative of public policy, which properly protects the status of marriage and encourages reconciliation, under the circumstances here where there has been a divorce and one of the parties has remarried. Indeed, public policy would be served, not contravened, by permitting a hearing on the question of the breach of this contract rather than ruling that the clauses of the agreement are independent as a matter of law. For molestation to be actionable it must be substantial, committed in bad faith and not caused by the other's fault (Lindey, Separation Agreements and Ante-Nuptial Contracts [rev. ed., 1953], § 9, subd. 3), and must be such as is calculated seriously to annoy a person of average sensitivity (*Benesch* v. *Benesch,* 106 Misc. 395).

The desire of one spouse to annoy, harass, molest or interfere with the life of a former spouse is plainly an aftermath and product of the previously viable marriage relationship. No fair or just reason suggests why the husband's obligation to support may be suspended so long as the wife materially interferes with his visitation rights, but denies him this relief when his former wife willfully refuses to leave him in peace.

There being questions of fact that should be heard and determined upon a trial, the judgment appealed from should be reversed and the motion for summary judgment denied.

WITMER, J. P., MOULE, SIMONS and DEL VECCHIO, JJ., concur.

Judgment unanimously reversed without costs and motion denied.