OPINION OF THE COURT
Jerome M. Becker, J.
On July 18, 1978, petitioner commenced a support proceeding pursuant to article 4 of the Family Court Act and in addition requested an order of protection.
Within the past few years, spouse battering has emerged as a national problem. It is not a new phenomenon, but was hitherto a well-kept secret. The media and women’s groups have focused the attention of society on its magnitude and raised public consciousness. That their efforts have been successful is evidenced by the establishment of shelters and crisis center programs for battered women and their children as well as by an increase in the number of women seeking the aid of the Family Court.
*893 In this proceeding, the court’s aid is being requested by the petitioner wife. She and respondent, a member of the armed forces, were married on October 24, 1970, in Norfolk, Virginia. The couple and their six-year-old daughter reside in military housing on Governor’s Island.
In her petition the wife alleges, inter alia, that her husband, while intoxicated, began harassing her by calling her vile and indecent names, slapped her in the face with his open hand and threw a motorcycle helmet at her and the child. Additionally, she alleges that respondent has a history of assaultive behavior, and on a prior occasion, broke her nose. Because she now fears for her safety and that of their child, she is asking the court to issue an order of protection. It is indicated from these allegations that the petitioner is a victim of domestic violence and that the court’s aid is undisputedly needed.
It being concluded that petitioner is a victim of domestic violence requiring the court’s aid, the first issue to be determined is that of jurisdiction of this court over residents of Federally owned installations on Governor’s Island. Although facilities of this type would not ordinarily be the subject of a host State’s jurisdiction, the United States has contracted that its acquisition of such land by it shall not prevent the execution thereon of any process, civil or criminal, issued under the authority of the State, except as such process might affect the property of the United States. (State Law, §22, subd 3; see, also, Matter of Kernan, 247 App Div 664, affd 272 NY 560; Reybold v Reybold, 45 AD2d 263; People ex rel. Wilson v Lawrence, 73 Misc 2d 916.) Hence, this court has jurisdiction.
A second question arises as to the enforcement of the order of protection. It is provided by law that the presentation of the certificate of order of protection to any peace officer shall constitute authority for said peace officer to take into custody the person charged with violating the terms of such order of protection and bring said person before this court and otherwise, so far as lies within his power, to aid the petitioner in securing the protection such order was intended to afford. (Family Ct Act, § 168.) In this instance, enforcement may be effectuated by presentation of the order to the military authorities. They, in turn, may apprehend the spouse and, upon request, may deliver him to the civil authority. (US Code, tit 10, §§ 807, 814, subd [a].)
Now, upon due deliberation by the court, it is ordered that the petitioner’s application for support is denied without *894 prejudice, ordered that the petitioner’s request for a temporary order of protection is granted pursuant to section 828 of the Family Court Act. Said order is issued for both wife and child, and it is ordered that in accordance with section 842-a of the Family Court Act, copies of the order of protection shall be filed with the appropriate police agency having jurisdiction.