**Arlington**

JAMES OMAR RIPPE

v.

ELIZABETH ANN MCDONALD RIPPE

No. 1453-85

Decided December 16, 1986

COUNSEL

Wm. Bruce Gair (Donna R. Porter; Porter & Gair, P.C., on brief), for appellant.

(Elizabeth Ann McDonald Rippe, *pro se*, on brief), for appellee. Appellee submitting on brief.

OPINION

**BENTON, J.**—James Omar Rippe appeals from the circuit court's determination that he was not entitled to an award of child support from his former spouse. We agree with his contention that strained relationships and antagonism cannot provide the sole basis for denying an award of child support; therefore, we reverse the judgment.

James Omar Rippe (the "father") and Elizabeth Ann McDonald Rippe (the "mother") were divorced in October of 1982. The final decree of divorce granted custody of their two minor children to the mother and ordered the father to pay child support in the amount of $125 per child every two weeks.

The mother moved with the children to California in June 1983; however, in January of the following year she sent both children to Virginia to live with the father. In August of 1984 the younger child moved back to her mother's home in California against the father's wishes, but she returned to his home in April, 1985. The mother believed that the child's emotional difficulties could best be handled in Virginia. The younger child has continued to reside with her father since that time.

In January of 1985 the mother filed a motion for judgment in the circuit court seeking payment of child support arrearages. The father defended, in part, on the ground that the mother voluntarily relinquished custody of the children to him because of her inability to handle them. The parties resolved their differences by a consent order agreeing that (1) the father would have custody of the older child; (2) the younger child, who was then back in her father's home, would be permitted to remain there until her mother requested her return to California; (3) the father would obtain professional counseling for the younger child; and (4) the father would pay to the mother $5000 in child support payment arrearages.

The father filed a motion in September of that year for custody of the younger child and for an award of child support. The circuit court ordered custody of the child changed to the father but refused to order the mother to pay child support for the children, finding "that the relationships within the family were severely strained and antagonistic, [and] that the requirement of payment of support by the mother to the father would only exacerbate those problems." The mother did not appeal the decision of the circuit court with respect to the change in custody. Thus, we are only called upon to address the question whether the circuit court considered appropriate factors in determining that the father was not entitled to an award of child support.

The circuit court has continuing jurisdiction to change or modify its decree as to custody and maintenance of minor children "as the circumstances of the parents and the benefit of the children may require." *Barnes v. Craig*, 202 Va. 229, 232, 117 S.E.2d 63, 65 (1960); *Kern v. Lindsey,* 182 Va. 775, 780-81, 30 S.E.2d 707, 709 (1944); Code § 20-108. In exercising its power "the court may revise and alter its decree if a material change in condition and circumstances has occurred." *Featherstone v. Brooks*, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979). The circuit court's decision to change the custody of the children from one parent to the other in itself established a material change in the conditions and circumstances of the parties so as to empower the circuit court to revise and alter the original support decree as warranted by the evidence.

In determining the extent to which the evidence warrants a revision in the original support decree, the trial court must be

guided by the principles that "[b]oth parents of a child owe that child a duty of support during minority," *id.* at 448, 258 S.E.2d at 516, and the new decree must be fashioned "as the circumstances of the parents and the benefit of the children may require." Code § 20-108. A decision which does not encompass these principles is plainly wrong and cannot be permitted to stand.

█ Upon the transfer of custody of the children to the father, the trial court properly terminated his duty to pay child support, except for the payments then in arrears. However, the determination that the mother was not required to pay child support was based upon a finding that "it is not in the best interest of the family unit to have the [mother] making such payments to the [father]" and the trial judge's conclusion that requiring the mother to make child support payments would exacerbate "severely strained and antagonistic" relationships within the family unit. This determination neither reflects a consideration of the circumstances of the parties with respect to their abilities to support the children nor all of the needs of the children. Therefore, we hold that severely strained and antagonistic relationships in the family unit are not sufficient, standing alone, to deny support payments for children. *Cf. Anthony v. Anthony,* 213 Va. 721, 722, 196 S.E.2d 66, 67 (1973) ("family disagreement relative to a child's living in a college dormitory is not a sufficient ground to deny support for the child").

The judgment denying child support payments is reversed and this matter is remanded for reconsideration of the father's request for child support consistent with this opinion.

*Reversed and remanded.*

Duff, J., and Keenan, J., concurred.