# Salem

## DAVID ALLEN KELLEY

v.

## MARILYN GIBSON KELLEY

No. 0464-91-3

Decided December 17, 1991*

---

\* Petition for rehearing granted January 27, 1992.

COUNSEL

Charles B. Phillips (Phillips, Doherty & Swanson, on brief), for appellant.

Harvey S. Lutins (Lutins and Shapiro, on brief), for appellee.

OPINION

**COLEMAN, J.**—In this appeal, we affirm the trial court's holding that a provision in a property settlement agreement violated public policy and was, thus, unenforceable. The covenant in the agreement which violated public policy required the wife, in exchange for the husband's equity in their house, to reimburse the husband for any court ordered child support payments he would make.

David Allen Kelley appeals the decision of the Circuit Court of the City of Roanoke denying his motion to enforce the child support reimbursement provision contained in the court-approved property settlement agreement. After almost fifteen years of marriage and the birth of two children, David Allen Kelley and Marilyn Gibson Kelley were divorced in 1985. The final divorce decree, granted upon the one-year separation of the parties, approved and incorporated a property settlement agreement which contained the following provision:

6. The parties hereto agree, in consideration of Husband relinquishing all of his equity in the jointly-owned marital home, that Husband shall never be responsible for payment of child support. The party of the second part covenants and agrees never to file a petition in any Court requesting that David Allen Kelley be placed under a child support Order

because Marilyn Gibson Kelley has accepted all of David Allen Kelley's equity in lieu of requesting child support.

In the event Marilyn Gibson Kelley should ever petition any Court of competent jurisdiction for support and maintenance of Joshua Caleb Kelley and/or Joanna Caren Kelley, and should a Court grant any such child support award, the said Marilyn Gibson Kelley hereby covenants and agrees to pay directly to David Allen Kelley, any amount of support that he is directed to pay to any party. In other words, Marilyn Gibson Kelley is agreeing to hold harmless David Allen Kelley from the payment of any amount of child support, regardless of the circumstances under which he is paying the same.

The equity in the marital home which the wife received from David Allen Kelly was $40,500.

Sometime in 1990, David Kelley, according to allegations in his pleadings, experienced problems obtaining visits with his children. He petitioned the court to establish for him specific visitation rights. Marilyn Kelley, in turn, for the first time since the divorce in 1985, petitioned the court to award and set child support. The court granted both requests and ordered David Kelley to pay $604 per month child support. Mr. Kelley did not contest the court's authority to order him to pay child support or the amount of the award. Instead, he moved the court to enforce the property settlement agreement by ordering Marilyn Kelley to reimburse him for all of his child support expenditures. The court refused to do so, finding that the contract provision was facially an indemnification and guaranty agreement which relieved David Kelley of his obligation to support his children, which covenant was contrary to the public policy of Virginia and, therefore, unenforceable. We agree.

▉ Both natural parents are legally required to support and maintain their minor children. Code § 20-61. While the Commonwealth encourages amicable resolution of domestic disputes, including matters of child support and custody, through court-approved agreements, *see Morris v. Morris*, 216 Va. 457, 219 S.E.2d 864 (1975), a covenant relieving a parent of his or her obligation to provide child support would be contrary to public policy because "*both* parents of a child owe that child a duty of support during minority." *Rippe v. Rippe*, 3 Va. App. 506, 509,

351 S.E.2d 181, 182 (1986) (emphasis added). The fact that a custodial parent receives a direct benefit from such an arrangement, from which the children *may* also receive a direct or indirect benefit, does not warrant the approval of such agreements which so clearly have the potential to defeat the rights of the children, even if the custodial parent shares with them the benefit of his or her bargain. The welfare and best interests of children, which are the paramount considerations in any dispute regarding child care issues, are not served where a court fails to enforce the obligation as to one parent or condones the other parent's failure to enforce that obligation. *Id.; see also Farley v. Farley*, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990); Code § 20-107.2. For the trial court to have required Marilyn Kelley to repay her former husband for his child support expenditures in accordance with the agreement "would undermine his legal duty to support his children," *Miesen v. Frank*, 361 Pa. Super. 204, 209, 522 A.2d 85, 87-88 (1987), since all of his contributions "would end up back in his own pocket." *Id.* To allow such an agreement to be enforced against the mother would chill any incentive which she may have as custodian of the child to seek needed support and, thus, the child would suffer. We will not "permit a parent to indirectly remove [his obligation to pay child support] by a contractual indemnification provision between himself and his former spouse." *Id.* Accordingly, we uphold the ruling by the trial court that the indemnification provision is unenforceable because it is contrary to the public policy of the Commonwealth of Virginia.[1]

*Affirmed.*

Koontz, C.J., concurred.

Elder, J., dissenting.

I concur with the majority that the agreement, as written, is contrary to public policy. However, in order to allow the trial court to make a determination as to the feasibility of restoring the status quo ante, I would remand.

The majority, in footnote one, indicates it expresses no opinion regarding the recovery of any portion of the $40,500, which hus-

---

[1] We express no opinion on the issue whether David Kelley may recover from Marilyn Kelley an amount equal to the equity in the marital home surrendered in return for her covenant not to seek child support.

band paid wife in consideration of the agreement we have found violative of public policy. By not addressing the issue, we may preclude any possibility of recovery. The record reflects that the trial court incorporated the agreement into the final divorce decree; five years later wife sought child support; the court awarded support, which husband agreed the court had a right to do; husband sought indemnification pursuant to the agreement; and the trial court found that the agreement violated public policy. Principles of *res judicata* may well bar further attempts to recover.

The agreement in question did not purport to preclude the court from exercising its power to order child support; it merely required indemnification of amounts paid. Indeed, it is clear that a contract between a husband and wife cannot prevent the court from exercising its power relative to child support. *Featherstone v. Brooks*, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979). The agreement before us, however, presents an issue of first impression in Virginia. While I agree, for reasons stated in the majority opinion, that this type of agreement is violative of public policy, I do not agree that the general principle of allowing no recovery under contracts violating public policy should apply to this agreement. *See Levy v. Davis*, 115 Va. 814, 80 S.E. 791 (1914). There are exceptions to the general rule that allows no recovery under contracts deemed illegal or violative of public policy. Where the parties to an illegal contract are not *in pari delicto*, or where public policy would be promoted, courts of equity can and should grant relief. *Waller v. Eanes' Adm'r*, 156 Va. 389, 157 S.E. 721 (1931).

In the case at bar, husband testified that the provision regarding child support was placed in the agreement at wife's request or suggestion. While wife denied that the provision was included at her request, oral argument established that the funds were used by her to purchase a new home, lending credibility to husband's assertion that the parties are not equally at fault and that husband should have relief.

Public policy favors the prompt resolution of disputes concerning the maintenance of minor children. *Morris v. Morris*, 216 Va. 457, 459, 219 S.E.2d 864, 867 (1975). To disallow recovery under this agreement would discourage rather than encourage resolution of child support disputes.

By having the agreement incorporated into the final divorce decree, the parties have asked the trial court to deal with all issues contained therein. The trial court is in a unique position to resolve these issues equitably. Both parties abided by the agreement for over five years. During that period wife had use of husband's $40,500, and husband paid no child support. But for the agreement, husband clearly would have paid child support. On remand, the trial court should determine how much support husband should have paid during this period, plus interest on that amount. The court should then offset that amount against $40,500 plus interest and order any excess funds returned to husband. Wife is unjustly enriched if she is allowed to keep the $40,500 and receive child support.

For the reasons stated, I would remand to allow the trial court to determine what refund, if any, husband is entitled to receive from the $40,500 paid to wife in consideration of this void agreement.