## CIRCUIT COURT OF FAIRFAX COUNTY

Martin N. Taxson

v.

Nancy G. Taxson

August 10, 1993

Case No. (Law) 114910

BY JUDGE ROSEMARIE ANNUNZIATA

This matter is before the Court on plaintiff's motion for leave to file an Amended Motion for Judgment seeking damages and declaratory judgment. Plaintiff Martin N. Taxson alleges that defendant Nancy G. Taxson breached the parties' Property Settlement Agreement which was incorporated, but not merged, into the parties' Final Decree of divorce entered on November 17, 1986.

He alleges the Agreement was breached by the defendant's failure to permit visitation with and share information about the parties' children. He also alleges that defendant caused plaintiff to incur debt in violation of the Agreement by writing checks on the joint checking account which were subsequently dishonored and by using plaintiff's video store account. Based on these breaches plaintiff seeks, *inter alia*, recovery of the support payments he was obligated to make pursuant to the Agreement.

While plaintiff contends he is not seeking rescission (*see e.g.* plaintiff's Memorandum in Opposition to Defendant's Demurrer at 11), a reading of the Amended Motion for Judgment supports the conclusion that plaintiff, in effect, seeks restitution of the value of the performance rendered; that is, he seeks rescission of that portion of the Agreement pursuant to which he paid spousal support. *See Reece v. Yeager Ford Sales, Inc.*, 184 S.E.2d 727, 730 (W. Va. 1971); *Allen, Heaton & McDonald, Inc. v. Castle Farm Amusement Co.*, 86 N.E.2d 782, 783 (Ohio 1949); 17 Am. Jur. 2d, *Contracts*, § 604. In any event,

whether denominated rescission and restitution or damages, this decision remains unaffected.

Plaintiff sets forth an additional count for the recovery of damages based on defendant's alleged intentional infliction of emotional distress. This count is likewise premised on the alleged breaches of the provisions regarding the parties' children. Finally, plaintiff seeks declaratory judgment declaring the parties' respective rights and obligations under the Agreement in light of the claimed breaches. For the reasons outlined below, the plaintiff is denied leave to file an Amended Motion for Judgment seeking rescission and recovery of the support payments made and for declaratory relief. He is granted leave to file his claim based on the intentional infliction of emotional distress and his claim for damages such as attorney's fees and other monetary losses sustained as a result of defendant's alleged violations of the Agreement.

Defendant contends that a claim for attorney's fees is also improper, raising res ajudicata as a defense. She claims the issue of attorney's fees was adjudicated by the chancellor at hearings held on various Rules to Show Cause. Whether the doctrine of res adjudicata will bar recovery requires an evidentiary hearing and cannot be concluded on demurrer, as all allegations must be taken as true.

As noted in my opinion letter of February 3, 1993, 30 Va. Cir. 134, which addresses the defendant's demurrer to plaintiff's first Motion for Judgment, the terms of a property settlement agreement relating to visitation and support are presumed to be independent. *See Gloth v. Gloth*, 154 Va. 511, 549 (1930); *Macaluso v. Macaluso*, 509 So. 2d 201, 202 (La. App. 1987); *Dept. of H.R.S. v. Wesley*, 497 So. 2d 925, 926 (Fla. App. 1986); *Guglielmi v. Guglielmi*, 431 A.2d 1226, 1228 (R.I. 1981); *Stancil v. Stancil*, 397 A.2d 218, 220–221 (Md. App. 1979); *Comiskey v. Comiskey*, 366 N.E. 87, 93 (Ill. App. 1977); *Williford v. Williford*, 179 S.E.2d 114, 117 (N.C. App. 1971); *see also Dept. of Social Services v. Hogge*, No. 0770–92–1 (unpubl. Va. App. June 15, 1993); *Taxson v. Taxson*, No. 1658–89–4 (unpubl. Va. App. Oct. 23, 1990); *Nisbet v. Nisbet*, 402 S.E.2d 151, 154 (N.C. App. 1991); 2 Lindey and Parley, *Separation Agreements and Anti-Nuptial Agreements*, § 25.02 at 25–7 to 25–8; 24 Am. Jur. 2d, *Divorce and Separa-*

*tion,* § 861.[1] Where the provisions of a contract are independent, the breach by one of the parties will not support rescission of the contract. *Steak House, Inc. v. Barnett,* 65 So. 2d 736, 738 (Fla. 1953); *Worthington v. Given,* 24 So. 739, 743 (Ala. 1898); C.J.S., *Contracts,* § 425; 17A Am. Jur. 2d, *Contracts,* § 574.

Notwithstanding the presumption in favor of treating as independent the visitation and spousal support clauses in this case, plaintiff notes that the Agreement entered into by the parties states that the breach of one provision will constitute a breach of the entire Agreement, making the provisions at issue interdependent. *See* 17A Am. Jur. 2d, *Contracts,* § 574; *Worthington v. Given,* 24 So. at *id.; contra Shedler v. Shedler,* 223 N.Y.S.2d 363, 365–66 (1961). If the provisions for visitation and spousal support are treated as interdependent, defendant's failure to provide visitation and share information about the children may excuse the plaintiff's obligations to pay spousal support under the Agreement and may, if proved, sustain his claim for rescission and recovery of the support payments he made. 2 Lindey and Parley, *supra* at § 25.02 at 25–7 to 25–8; *Shelton v. Stewart,* 193 Va. 162, 167 (1951); *Southeast Lumber Export Co. v Friend,* 158 Va. 863, 869 (1932); *Wheeler v. Wheeler,* 263 S.E.2d 763, 768 (N.C. 1980); *Guglielmi v. Gulielmi,* 431 A.2d at *id.; Williford v. Williford,* 179 S.E.2d at *id.; see also Gloth v. Gloth,* 154 Va. at 549; *Eschner v. Eschner,* 146 Va. 417 at 421–423 (1926).

The defendant opposes the granting of leave to file the Amended Motion for Judgment, contending that the contract provision making spousal support and visitation clauses interdependent is against public policy and void. I find the position urged by the defendant to be well-taken and conclude that the provision making the obligations regarding spousal support and visitation interdependent contract clauses is against public policy. Therefore, it cannot be invoked to permit the recovery of spousal support payments made to defendant or the abrogation of the plaintiff's obligation to provide support in the future pursuant to that Agreement. *Levy v. Davis,* 115 Va. 814, 816 (1914)

---

[1] While the Virginia cases cited address the independent nature of visitation and support clauses in the context of chancery actions involving child support, such an analysis would appear to be equally applicable when spousal support is in question, particularly in light of Virginia law making spousal support awards a vested right and unmodifiable retroactively. *See Bennett v. Commonwealth,* 15 Va. App. 135, 145 (1992); *Smith v. Smith,* 4 Va. App. 148, 152 (1987).

("Courts will not aid a party to enforce an agreement made in further-ance of objects forbidden by the statute, or by the common law, or general policy of the law, or to recover damages for its breach, or when the agreement has been executed in whole or in part by payment of money to recover it back"); *Kelley v. Kelley*, 13 Va. App. 424, 426 (1991) (finding that covenants relieving a parent of the obligation to pay child support is against public policy); *see also Chattin v. Chattin*, 245 Va. 302, 427 S.E.2d 347, 352 (1993).

Public policy is not a matter of fixed rule. *Higgins v. McFarland*, 196 Va. 889, 894 (1955). However, it generally encompasses a matter which is "injurious to the interests of the public, contravenes some established interest of society, violates some public statute, is against good morals, tends to interfere with the public welfare or safety, or, as it is sometimes put, if it is at war with the interests of society and is in conflict with the morals of the time." 17A Am. Jur. 2d, § 263, pp. 267–69 (*citing Restatement of Contracts* 2d § 178); *see also* 4B M.J., *Contracts*, § 115; *Wallihan v. Hughes*, 196 Va. 117, 124–25 (1954).

It is well-established under Virginia law that the right of the parties in a divorce action to enter contracts determining child custody and visitation issues is not unrestricted. Under Virginia law, custody issues are seen as primarily involving the rights of the children, and second-arily their parents. *Mullin v. Mullin*, 188 Va. 259, 269 (1948) ("In Virginia, we have established the rule that the welfare of the infant is the primary, paramount, and controlling consideration of the court in all controversies between parents over the custody of their minor chil-dren. All other matters are subordinate.") (*citing Stringfellow v. Som-erville*, 95 Va. 701, 706 (1898)). Similarly, the visitation rights of a non-custodial parent are subordinate to the welfare of the infant. *Oehl v. Oehl*, 221 Va. 618, 624 (1980).

The subordination of contract rights in matters of child custody and visitation is clearly underscored in Virginia law which states that a contract regarding custody and visitation is not binding on the court and is always subject to modification in order to serve the best inter-ests of the child. *Yohay v. Ryan*, 4 Va. App. 559, 568 (1987); *Buchanan v. Buchanan*, 170 Va. 458, 477 (1938) ("The contract between mother and father . . . is not binding upon a court, as to the custody of infants . . . . The custody and welfare of children are not the subject of barter.").

The public policy articulated by Virginia law in favor of serving the best interests of the child would be reversed were the provisions in question treated as interdependent. Under the view urged by the plaintiff, not only would the party obligated to pay spousal support be excused from performance upon breach by the custodial parent, the custodial parent, governed by the same contract principles, would be excused from and could terminate the contractual obligation to permit visitation, upon breach of the spousal support provision by the opposing party. *See Gugliemi v. Gugliemi*, 431 A.2d at *id.*; *Wheeler v. Wheeler*, 263 S.E.2d at *id.*; 2 Lindey and Parley, *supra*, § 25.02 at 25–7. Under this view, the child's right to maintain a close and continuing relationship with the non-custodial parent is made a matter of contract and contingent upon the payment of spousal support. Such a result is in contravention of Virginia's public policy that the best interests and the welfare of the child shall be controlling in all disputes between parents regarding custody and visitation. *See Kelley v. Kelley*, 13 Va. App. at *id.*; *M.E.D. v. J.P.M*, 3 Va. App. 391, 396 (1986); *see also Wilson v. Wilson*, 12 Va. App. 1251, 1254 (1991); *Kogon v. Ulerick*, 12 Va. App. 595, 596 (1991); *Eichelberger v. Eichelberger*, 2 Va. App. 409, 412 (1986).

Treating, therefore, the provisions respecting visitation and spousal support as independent for the public policy reasons stated above, the plaintiff's cause of action for recovery of the spousal support payments he made to defendant, as the breach of the visitation and parental consultation provisions will not excuse the plaintiff from his obligation to pay support nor provide a basis for rescission. Based on this reasoning, plaintiff's Motion for Leave to File an Amended Motion for Judgment is denied as to this claim.

The plaintiff may pursue his claim for damages arising out of the defendant's alleged wrongful use of his video account and joint checking account, and for damages other than those based on spousal support payments made, since the premises for these claims are distinguishable from those underlying the plaintiff's claim for restitution of spousal support payments.

Finally, plaintiff's motion for leave to file an amended claim based on the intentional infliction of emotions distress is granted. The Amended Motion for Judgment contains sufficient allegations of material facts to inform the defendant of the nature and character of the claim. *See CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24

(1993) ("[I]t is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer [citation omitted] . . . . [E]ven though a motion for judgment or bill of complaint may be imperfect, when it is drafted so that defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer . . . .") (citation omitted).