BERNARD G. UNGER, Plaintiff, *v.* DEPARTMENT OF WELFARE OF CITY OF NEW YORK, Defendant.

Civil Court of the City of New York, Special Term, New York County, January 24, 1967.

*Blumenthal, Smers & Goldstick* (*David T. Goldstick* of counsel), for plaintiff. *J. Lee Rankin, Corporation Counsel* (*Philip Sokol* of counsel), for defendant.

MAURICE WAHL, J. The indorsed complaint alleges a cause of action for money had and received. The facts are not disputed. However, it is the application of law to those facts which is in contention.

Defendant moves to dismiss the complaint pursuant to CPLR 3211 (subd. [a]).

On December 11, 1964 while plaintiff's mother, an 86-year-old widow, lived alone in a 3-room apartment, she suffered from a cerebral vascular accident and was removed to a hospital. While there, she agreed to an understanding that, when she would be ready to leave, she could no longer live alone, and would be better off in a nursing home where she could be cared for and have companionship.

Plaintiff and his brother, who is not involved in this action, were unable to reach an agreement with the defendant as to the amount each should contribute to the cost of maintaining their mother at the nursing home where she was placed upon leaving the hospital.

On December 17, 1965 in proceedings instituted in the Family Court, with the mother as petitioner, and her two sons as respondents, orders were entered directing the plaintiff to pay the sum of $120 per month and to supply clothing for her and to continue her Blue Cross coverage, and his brother was directed

to pay the sum of $125 per month, all towards the maintenance of their mother in the nursing home. The orders directed payments to commence on January 1, 1966 and to continue thereafter on the first day of each month. The original cost for maintenance at the home was $450 monthly, but was increased to $480 as of November 1, 1965. No appeal was taken from these orders, but a motion was made on plaintiff's behalf for a revision of the order affecting him, but was withdrawn on the return date. Thereafter, plaintiff made six payments of $120 each covering the first six months of 1966.

On July 7, 1966, on a motion on plaintiff's behalf, an order was sought relieving him from further payments under the Family Court Order, vacating the order, and for a direction that the defendant refund to him the sum of $720 for payments he had made in complying with the order. The basis of his motion was a change in the law, namely, the enactment of chapters 256 and 257 of the Laws of 1966, which became effective on May 1, 1966, but were made retroactive to January 1, 1966. Plaintiff claimed that since January 1, 1966, (the retroactive date) he was not legally responsible for the support of his mother and therefore has a right to the refund. The Family Court Judge decided the motion as follows:

" Case terminated by law. Arrears cancelled. Notify Parties ". The Judge did not make any ruling on that part of the motion which sought a refund.

Chapters 256 and 257 of the Laws of 1966 were enacted in this State so that our laws could comply with the standards set by the Federal Medicare Act (79 U. S. Stat. 286 *et seq.*), in order that the State could obtain reimbursement for itself and its localities for funds spent on New York's Medicaid program in aiding those financially unable to pay their medical bills. However, the Federal Government approved the Medicaid program but specified that reimbursement would begin on May 1, 1966. As of this date, reimbursement has not been received by New York State.

Defendant asks dismissal of the complaint on the grounds of *res judicata* and a prior determination made by the Family Court. The Judge of that court did not rule on the plaintiff's request for a refund, but rather terminated the proceeding. Nowhere in the pleadings, briefs or exhibits does it appear that the question of a refund was litigated. The perfunctory decision of the Judge leads to the conclusion that the refund matter was not considered by the court in arriving at a conclusion. The claim of *res judicata* and a prior decision is not controlling in this case. (*Greenberg* v. *De Hart,* 4 N Y 2d 511; *Mink* v.

*Keim,* 291 N. Y. 300; *Honsinger* v. *Union Carriage & Gear Co.,* 175 N. Y. 229.)

Defendant also asks dismissal of the complaint on the ground that the complaint fails to state a cause of action to recover money had and received. Plaintiff made the payments under a valid court order, which was cancelled on July 7, 1966, after he had made six payments. A reading of sections 224, 225, 226 and 227 of the Family Court Act indicates that the Support Bureau of the Family Court merely acted as a forwarding agent or conduit in accepting the payments made by plaintiff and that funds received by it are deemed for all purposes to be the property of the person for whom such money is to be paid. After receipt of the payments, the Support Bureau forwarded those sums to the defendant which transmitted them to nursing home where plaintiff's mother is being maintained. The defendant was also acting as a conduit or transferring agent in turning the payments over to the home. The cost to the public, up to the time of this motion, for the care and maintenance of the plaintiff's mother, equals several times the amount paid by both the plaintiff and his brother. The Family Court order required the payments to be made for the care and maintenance of the plaintiff's mother. Defendant complied with the terms of the order by turning plaintiff's contribution over to the nursing home and in addition expended public funds in making up the difference. Up to the present time, the defendant has not received any reimbursement, either under the Federal Medicare Program or under the State Medicaid Program.

Under these circumstances, it cannot be said that defendant is unjustly enriched and in good conscience cannot retain such benefits (*Miller* v. *Schloss,* 218 N. Y. 400). Plaintiff has a moral, if not a present legal obligation, to provide for his mother (*Williams* v. *State of New York,* 175 Misc. 972).

The papers on file, together with the memoranda and the exhibits, fail to sustain an action to recover for money had and received. The motion is granted and the complaint dismissed.