Birdie Amsterdam, J.
Petitioner seeks judgment, in this article 78 proceeding directing respondents to cease requiring respondents in the Family Couirt to make support payments payable through the Family Court by certified personal checks, ¡bank cashier’s checks or money orders, to prohibit the continued practice of this requirement, and for an accounting of all support and maintenance receipts and disbursements and any interest paid on moneys in bank deposit prior to disbursements.
Respondent, Charles Fastov, Director of the Office of Probation for the Courts of New York City, cross moves to dismiss the petition pursuant to CPLR 7804 (subd. [f]) on the grounds that petitioner has an adequate remedy in the Family Court, .the petitioner has failed to demonstrate a right to an accounting and that the petition is insufficient in law in that it fails to state facts sufficient to entitle the petitioner to the relief sought herein.
Petitioner herein is a respondent in a Family Court proceeding in the County of the Bronx. Petitioner was directed by an order of that court dated February 6, 1974, to make -support payments for the support of his child in the sum of $45 per week, payable through the court, commencing on February 15, 1974. Petitioner made the payments as ordered by certified check and by bank money orders until August 24, 1974. Commencing with the August 31 payment, petitioner mailed in his personal uncertified cheeks covering payment for the ordered support. These checks were returned by the accounts and records section of the Office of Probation with a notification that the accounts and records section was only permitted to accept for deposit certified personal checks, bank cashier’s checks or money orders.
*191 . Subsequently, petitioner was directed by a summons dated September 19, 1974, to appear before the Family Court in the County of the Bronx and show cause why he should not be punished for disobedience to the order of said court.
Petitioner asserts that the cost of obtaining money orders is prohibitive and that the requirement of certified cheeks etc. is arbitrary and an abuse of discretion since he has never been in default '.of said order. Petitioner cites the case of Altenhaus v. Kelley (9857/1973, Sup. Ct. Kings Co., July 18, 1974) which held that the procedure of the Family Court requiring petitioner to pay for support through the Family Court was arbitrary 'and capricious and not required by the official forms.
Petitioner further states that disbursements of checks to his ¡wife are not made for some two or three weeks after receipt .of the proceeds by Family Court for him. He alleges that the receipts and disbursements by the Office of Probation are not reviewed nor in any manner audited by the Comptroller of either the State of New York or the City of New York and that an accounting should be ordered of the receipts and disbursements, a disclosure of the depository of the funds and interest income earned by such deposits, if any, and finally, the names of all responsible officials who are in over-all control of the said alleged huge sums in the “ revolving ” fund.
The threshold question presented is whether petitioner has an adequate remedy at law and thus is precluded from seeking relief in the nature of mandamus and/or prohibition. An article 78 proceeding will not lie where the petitioner has an adequate remedy at law. “It is not available ordinarily as a method of premature appeal.” (Matter of Lee v. County Ct. of Erie County, 27 N Y 2d 432, 437; Master of Lownes v. Family Ct. of State of N. Y., County of N. Y., 24 A D 2d 443). Petitioner herein can raise the objections he has made here before the .Family Court and 'any decision there would be appealable to the Appellate Division of the Supreme Court. (Matter of Koeppel v. Judges of Family Ct. of State of N. Y., 44 Misc 2d 799.)
Assuming however, arguendo, that an article 78 proceeding does lie in this court, in view of the fact that petitioner requests relief against the procedure as it allegedly applies to everyone else, it is clear that the requirement that support payments be made by certified checks, bank cashier’s check or mbney order is a reasonable exercise of administrative discretion by the Office of Probation.
Sections 221 and 222 of the Family Court Act provide for support bureaus of the Family Court which may be operated *192 by the probation service or other officer and whose duty is to receive 'and disburse funds paid pursuant to an order of support issued under the act which requires that such support payments be deposited with the support bureau.
Buie 2.5 of the Family Court (22 NYCRB 2501.5) provides for the establishment of such support bureaus and rule 2.6 (22 NYCRB 2501.6) provides that the Administrative Judge of the court in each county shall prescribe forms for the keeping of records concerning moneys received and paid and for the giving of receipts.
The Family Court Act, the rules and the forms promulgated thereunder do not require any specific manner of payment. Subdivision 3 of section 255 of the Executive Law which was .effective as of February 1, 1974, provides in pertinent part that: “ The director [of the Office of Probation] shall discharge his powers and responsibilities in accordance with all laws and .rules applicable to probation and with the general rules regulating methods and procedure in the administration of probation * * * He may adopt departmental rules, not inconsistent with law or the aforesaid general rules, to regulate the .policies, programs, standards, and methods of procedure in relation to probation ”. The only restriction therefore on the Office of Probation is that its rules not supersede the Family Court Act (Executive Law, § 255, subd. 3; § 243). The Office of Probation in fulfilling the duties of the support bureau within the City of New York as outlined above is performing an administrative duty and must be granted the power to adopt reasonable requirements in the exercise of its duty as long as such requirements do not conflict with laws or rules regulating such duty.
“ An Administrative Agency may have implied powers in addition to its express powers where such implied powers are .essential to the exercise of, or a necessary concomitant of, powers expressly granted. A particular administrative agency, in view of the nature, character, and extent of the powers reposed in it and the duties imposed upon it, may be deemed to possess implied powers necessary to discharge its functions.” (1 N. Y. Jur., Administrative Law, § 32, pp. 342-343.)
The affidavit of Hon. Joseph B. Williams, the Administrative Judge of the Family Court for New York City, attached to the papers herein, gives the reasons for the institution of the requirement that uncertified personal checks not be accepted ,for support payments. A serious problem developed due to a substantial number of “ bounced ” checks whereby there could *193 ,be no finality as to determination of arrears or as to any enforcement proceedings where it could not be known whether a payment made in satisfaction of these arrears would actually clear. In addition, the acceptance of uncertified personal checks created another problem, in that, if actual payment of these support moneys were made to petitioners in Family Court without the checks first clearing, a deficit might result; if paid after waiting for clearance, the petitioners in Family Court would suffer from the delay in the receipt of these support moneys.
Thus it is clear that the administrative requirement of certified personal checks, cashier’s checks or money orders for payments to the Office of Probation, accounts and record section has a rational basis and is not arbitrary or capricious. Such an administrative requirement must be upheld if it has a rational basis (Matter of Sigety v. Ingraham, 29 N Y 2d 110, 114).
As to that branch of the petition which seeks an accounting, it does not allege facts sufficient to state a cause of action. There is no claim that petitioner has a fiscal or other material interest in the receipts and disbursements pf the accounts and records section. It does not allege a fiduciary relationship to the accounts and records section with regard to all its receipts and disbursements and it sets forth no statute or law which would grant petitioner such a right. It appears further from the affidavit of Irving Gerstman, Esq., that an audit of the accounts in question is, in fact made by the Comptroller of the City of New York.
Accordingly, the cross motion by respondent Charles Fastov is granted and the petition dismissed.