**In the Matter of Jack GORDON and Neil Stanton Gordon d/b/a Criterion Dyeing & Finishing Co., Bankrupt.**

**Bankruptcy No. 74 B 1088.**

United States Bankruptcy Court,
S. D. New York.

Feb. 11, 1980.

---

Finkel, Goldstein & Berzow, New York City, for trustee; Harold Berzow, New York City, of counsel.

Allen G. Schwartz, Corp. Counsel, New York City, for Dept. of Social Services of the City of New York; Joseph M. Armstrong, Sp. Asst. Corp. Counsel, of counsel.

## MEMORANDUM OPINION

JOEL LEWITTES, Bankruptcy Judge.

This decision is occasioned by the bankruptcy trustee's motion[1] objecting to the classification of a claim as an alleged priority wage claim,[2] in the amount of $320, filed by the Department of Probation of the City of New York.[3]

The trustee objects to the priority status sought by this claim on the ground that the debt here merely reflects a general obligation of the bankrupt, Criterion Dyeing and Finishing Co. ("bankrupt"), to the Department of Probation,[4] not entitled to priority.

The undisputed facts underlying this contested matter support the trustee's contention.

By order, dated September 13, 1973, the Family Court, in a proceeding for support under Article 4 of the Family Court Act,[5] and pursuant to New York's Personal Property Law,[6] directed the bankrupt to withhold and deduct, for a period of eight weeks, from the wages of an employee of the bankrupt, forty dollars per week to the Court[7] for the support of the wage earner's

---

1. An objection to a claim is denominated as a contested matter under the terms of Bankruptcy Rule 914, 411 U.S. 1098, 93 S.Ct. 3170, 37 L.Ed.2d lxxviii, to which the formal rules of pleading, applicable to adversary proceedings under Part VII of the Bankruptcy Rules (Bankruptcy Rules §§ 701 et seq., 411 U.S. 1068, 93 S.Ct. 3147, 37 L.Ed.2d lxvii et seq.), do not attach. See also 13 Collier on Bankruptcy ¶ 914.03 at 9–61 (14th ed. 1977).

2. The term "wages", which is to be interpreted "in its lay and colloquial meaning", In re Sleep Products, Inc., 141 F.Supp. 463, 467–8 (S.D.N.Y.1956), aff'd sub nom. Local 140 Security Fund v. Hack, 242 F.2d 375 (2d Cir.), cert. denied, 355 U.S. 833, 78 S.Ct. 51, 2 L.Ed.2d 45 (1957), but which is limited to "money directly due [employees] in back wages", United States v. Embassy Restaurant, 359 U.S. 29, 32, 79 S.Ct. 554, 556, 3 L.Ed.2d 601 (1959) (cited in Matter of Weis Securities, Inc., 425 F.Supp. 212, 219 [S.D.N.Y.1977]), is granted a second priority for the purposes of distribution, by the provisions of Bankruptcy Act § 64a(2), 11 U.S.C. § 104(a)(2).

3. The Department of Social Services, by statute, succeeded to the interest of the New York Department of Probation, in cases, as here, relating to the enforcement of child support payments decreed by the Family Court of the State of New York. See N.Y. Social Services Law § 111–h. (McKinney Supp.1979). See also N.Y. Family Court Act (McKinney Supp. 1979).

4. See note 3, ante. The trustee concedes only that the claim falls within the statutory period of three months before the filing of this bankruptcy and such claim, as noted earlier, does not exceed $600. See Bankruptcy Act § 64a(2).

5. N.Y. Family Court Act § 442 (McKinney).

6. N.Y. Personal Property Law § 49–b (McKinney).

7. Pursuant to former Rule 2.5 of the Family Court, the Probation Department was designated to receive and disburse the funds so ordered by the Family Court's payroll deduction order. See N.Y. Family Court Act §§ 221 and 222

dependents. It appears that in accordance with the Family Court order, a check for $320 was forwarded by the bankrupt to the Department of Probation. In turn, the latter apparently issued its check, in the amount just stated, to the wage earner's spouse on behalf of the wage earner's dependents. The bankrupt's check, however, which was forwarded to Probation, subsequently was dishonored by the bankrupt's bank, and accounts for the instant claim.[8]

We are convinced that this case is controlled by *United States v. Embassy Restaurant.*[9] The court in *Embassy Restaurant* denied a priority wage claim for unpaid employer contributions to a welfare fund on the grounds that payments to such fund were not due the workman and "did not satisfy the manifest purpose of the priority"[10] which the court found was "to enable employees displaced by bankruptcy to secure, with some promptness, the money directly due to them in back wages, and thus to alleviate in some degree the hardship that unemployment usually brings to workers and their families."[11]

In the instant matter, the employer-bankrupt's wage deduction from the wage earner was ordered by the Family Court. That deduction was not "money directly due to [the wage earner] in back wages",[12] but rather, upon payment by the bankrupt employer of the wage deduction to the Probation Department, that deduction "forthwith"[13] became due and owing to "the person for whom such money [was]  .  .  . to be paid"[14]—the wage earner's dependents.

Since the deduction here was neither one owing to the wage earner, nor a payment coincident with the priority policy of the Act, as expressed in *Embassy Restaurant,* the trustee's objection to this claim, as a priority wage claim, must be sustained.

The trustee is directed to submit an order in conformity with this decision.

(McKinney). See also *Cohen v. Bartlett,* 80 Misc.2d 189, 363 N.Y.S.2d 46 (Sup.Ct., N.Y.Co. 1974).

8. As an aside, we note that in *Cohen v. Bartlett, supra* n. 7, the court upheld an administrative requirement by the Probation Department that support payments be made by certified check, bank cashier's check or money order "due to substantial number of 'bounced' checks. .  ." *id.* at 192, 363 N.Y.S.2d at 50.

9. Note 2 *ante.*

10. *Joint Industry Board v. United States,* 391 U.S. 224, 226, 88 S.Ct. 1491, 1493, 20 L.Ed.2d 546 (1968).

11. *United States v. Embassy Restaurant, supra,* 359 U.S. at 32, 79 S.Ct. at 556.

12. *Ibid.*

13. *Dominico v. Dominico,* 57 N.Y.S.2d 79, 85 (Dom.Rel.Ct., Queens Co. 1945) (not officially reported).

14. *Unger v. Dept. of Welfare of the City of New York,* 52 Misc.2d 905, 908, 277 N.Y.S.2d 346, 348 (N.Y.Civil Ct., N.Y.Co. 1967).