■ In the Matter of EDWARD J. CATERA, Respondent-Appellant, v SUFFOLK COUNTY SUPPORT COLLECTION UNIT OF THE SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of LUCY CATERA, Appellant-Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Support Collection Unit of the Suffolk County Department of Social Services dated May 15, 1987, which denied the petitioner's application to vacate an income execution for support enforcement dated March 31, 1987, issued pursuant to CPLR 5241, (1) the Suffolk County Support Collection Unit of the Suffolk County Department of Social Services appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated May 20, 1988, as granted the petition to the extent of vacating the income execution, and (2) the petitioner cross-appeals from so much of the same judgment as failed to fix the amount of alimony and child support arrears and future payments.

Ordered that the judgment is reversed, without costs or disbursements, the determination is confirmed and the proceeding is dismissed on the merits; and it is further,

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements.

The petitioner and Lucy Catera were married on June 6, 1964, and had three children, born in 1965, 1969 and 1972, respectively. They entered into a separation agreement in

October 1972 which provided that alimony and child support payments required to be made by the petitioner would be reduced and eventually cease contingent upon his wife's annual income and the age or emancipation of the children. The Cateras were divorced by judgment of the Supreme Court, Suffolk County, dated April 10, 1975, which specifically provided that the separation agreement and a later stipulation between the parties were to survive and not merge in the judgment. The judgment of divorce referred only to the initial amounts of alimony and child support that the petitioner was obligated to pay under the separation agreement and omitted any reference to the contingencies for reduction set forth therein.

The Suffolk County Support Collection Unit, acting on behalf of Mrs. Catera, issued an income execution dated March 31, 1987, which it served on the petitioner's employer, by which it sought arrears of $61,616.97, and directed the deduction of $458 semimonthly from the petitioner's salary. In determining the amount of arrears, the Suffolk County Support Collection Unit refused to take into consideration the contingencies set forth in the separation agreement, relying instead on the divorce judgment to reach its determination as to the amount owed and stating that only a court order could reduce the amount of the petitioner's obligations. Shortly thereafter, the petitioner commenced this proceeding seeking, *inter alia,* a vacatur of the income execution on the ground that the determination was arbitrary. The Supreme Court granted the petition to the extent of vacating the income execution, finding that the amount determined to be due was excessive.

Pursuant to Social Services Law § 111-h (1), the Support Collection Unit, *inter alia,* is entitled to collect amounts due "pursuant to any order of child support or child and spousal support issued under the provisions of article three-A or section two hundred thirty-six or two hundred forty of the domestic relations law, or article four, five, or five-A of the family court act". As the judgment of divorce neither incorporates by reference nor contains the financial provisions of the separation agreement entered into by the Cateras, the Suffolk County Support Collection Unit was not required to take those provisions into consideration when calculating arrears. The petitioner's recourse is to seek modification of the judgment of divorce to reflect the financial provisions agreed upon by him and his former wife.

Finally, we note that, for the reasons stated by Justice

Mullen, the petitioner's contention that the Statute of Limitations bars the Suffolk County Support Collection Unit from seeking arrears which accrued prior to March 31, 1981, i.e., six years prior to the issuance of the income execution, is without merit. Brown, J. P., Eiber, Kooper and Rosenblatt, JJ., concur.