■ In the Matter of RICHARD CHOPIK, Respondent, v SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of VERA CHOPIK, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Suffolk County Support Collection Unit of the Suffolk County Department of Social Services, dated January 29, 1988, denying the petitioner's application to vacate an income execution for support enforcement issued pursuant to CPLR 5241 (b), the Suffolk County Support Collection Unit of the Suffolk County Department of Social Services appeals from an order of the Supreme Court, Suffolk County (McCarthy, J.), dated November 21, 1988, which granted the petition to the extent of vacating the income execution.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

Contrary to the Supreme Court's determination, the Statute of Limitations does not bar the enforcement of the income execution with respect to the arrears at issue in this case *(see, Matter of Catera v Suffolk County Support Collection Unit,* 155 AD2d 663; *Mitchell v Mitchell,* 141 Misc 2d 25, 27).

However, in light of the petitioner's claim that he does not owe the moneys sought by the Department of Social Services and since it cannot be ascertained on the present record how the arrears were computed, the matter is remitted to the Supreme Court, Suffolk County, for a determination of these issues. Moreover, the Supreme · Court may also consider whether the income execution issued pursuant to CPLR 5241 was the appropriate enforcement procedure under the circumstances or whether a protective order pursuant to CPLR 5240 should be issued to otherwise deny, limit or modify the income execution *(see, Napoli v Napoli,* 146 Misc 2d 152). We note that the Department of Social Services is not seeking to enforce the petitioner's purported current support obligation; instead it is seeking to recoup alimony and child support which the petitioner allegedly owed for the period from 1976 to 1980 when the petitioner's former wife and child received

public assistance. Mangano, P. J., Lawrence, Kooper and Harwood, JJ., concur.