■ In the Matter of BARBARA J. CASHIN, Respondent, v BRIAN M. CASHIN, Appellant.—In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (De Maro, J.) dated November 22, 1988, which denied his objections to so much of an order of the same court (O'Shea, H.E.), entered September 20, 1988, as failed to incorporate from a judgment of divorce and surviving separation agreement durational and other limits on maintenance and child support, and failed to authorize that payment through the Support Collection Unit be made by personal check.

Ordered that the order dated November 22, 1988, is modified, on the law, by sustaining the father's objections to the order entered September 20, 1988, of the Hearing Examiner only to the extent of adding to the first decretal paragraph of the order entered September 20, 1988, after the words "(100 per child).", the words "Payments allocated to the petitioner shall be for a period of six years and one day commencing April 9, 1985"; as so modified the order is affirmed, without costs or disbursements, and it is further,

Ordered that the mother's application for counsel fees incurred on this appeal is denied without prejudice to renewal before the Family Court.

The parties were divorced pursuant to a judgment which, upon subsequent resettlement, directed, inter alia, that the father pay the mother a specified amount in weekly maintenance commencing April 9, 1985, for a period of six years and one day, that he pay her "pursuant to Stipulation" a specified amount for the support of each of the parties' three children, and that a stipulation entered into on the record in open court survive and not merge in the judgment. By that stipulation, the parties agreed, inter alia, that the father was obligated to pay room, board and tuition for each child while in college, and that "so long as the [father] pays tuition, room and board * * * child support shall be reduced by 12 and a half percent" except while the child or children are home for summer and holiday recesses.

Disputes arose as to the father's payments pursuant to the judgment and surviving stipulation and the mother commenced this proceeding for enforcement of the judgment and stipulation (see, Family Ct Act §§ 461, 466). The proceeding

was, at least in part, resolved by stipulation and the father agreed to make future payments through the local Support Collection Unit (see, Social Services Law § 111-h; see also, Family Ct Act § 221). However, the Hearing Examiner did not honor his requests that, inter alia, the order include the durational limit on maintenance of six years and one day, and that it include the 12-½% reduction in child support. Moreover, the Hearing Examiner did not authorize payment to the Support Collection Unit by personal check. The father's objections to these alleged omissions were denied by the Family Court.

We agree with the father that the Hearing Examiner should have included in the order entered September 20, 1988, the self-executing durational limit on the maintenance payment obligation contained in the judgment of divorce (cf., Matter of Catera v Suffolk County Support Collection Unit, 155 AD2d 663; Matter of Saidel v Wolk, 122 AD2d 474), and we modify the order of the Hearing Examiner to provide that maintenance shall be paid for six years and one day from April 9, 1985. We do not agree, however, that the order of the Hearing Examiner should have also provided that child support would be reduced while a child or children were away at college, so long as the father paid tuition, room and board. The provision contemplating a reduction in child support contingent upon the happening of a future event should not be included in the order here because it would not provide a precise directive for the Support Collection Unit to enforce (cf., Majauskas v Majauskas, 61 NY2d 481, 494-495). The appellant's remedy is to seek modification of the order of the Hearing Examiner when the future event comes to pass.

We also conclude that the Family Court properly declined to authorize payment to the Support Collection Unit by personal check. There is nothing in the record which suggests that the father, who does not seek to set aside the Family Court stipulation, understood that his agreement to make payment through the Support Collection Unit would involve anything less or other than what ordinary procedure would require. In any event, inasmuch as the manner of payment is determined by the local social services official (see, 18 NYCRR 346.8; see also, Family Ct Act § 221 [1]), and inasmuch as the requirement that payment be made by cash, postal money order, bank money order, or certified check, has a rational basis and is not arbitrary or capricious (see, Matter of Cohen v Bartlett, 80 Misc 2d 189), we decline to disturb it.

We have considered the father's remaining contentions and

find them to be without merit. We note that the mother's application for an award of counsel fees for defending this appeal should be addressed to the Family Court (Family Ct Act § 438; *see, Taft v Taft,* 135 AD2d 809; *Gutman v Gutman,* 24 AD2d 758). Harwood, J. P., Balletta, O'Brien and Ritter, JJ., concur.