[644 NYS2d 776]

In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, as Assignee of CARMEN GOMEZ, Appellant, v VICTOR GOMEZ, Respondent.

First Department, July 11, 1996

APPEARANCES OF COUNSEL

*Elizabeth S. Natrella* of counsel *(Pamela Seider Dolgow* on the brief; *Paul A. Crotty, Corporation Counsel* of New York City, attorney), for appellant.
No appearance for respondent.

### OPINION OF THE COURT

KUPFERMAN, J.

Carmen and Victor Gomez separated in 1971. On September 14, 1971, Victor, the respondent herein, consented to an order of support and agreed to pay Carmen $50 biweekly, effective September 23, 1971, for the support of their minor children. On November 14, 1977, the order of support was modified to provide that the support payments were to be paid directly to the New York City Department of Social Services (DSS).

Thereafter, on October 6, 1993, respondent petitioned to terminate the order of support, which petition was granted inasmuch as all of the couple's children were emancipated, and the matter was referred to the Child Support Enforcement Term on the issue of arrears due and owing to DSS. After a hearing, respondent admitted to arrears totalling $17,847.29 ($20,700 in arrears less $2,852.71 paid by respondent) based upon a statement of arrears from the Support Collection Unit, which indicated arrears due from November 25, 1977 to September 24, 1993, and an order was issued December 30, 1993 fixing arrears at that amount.

On January 19, 1994, respondent filed an objection to such order, contending that the $17,847.29 arrears total was inac-

curate and stating that he thought he had made more payments. By order dated June 22, 1994, the Family Court (George L. Jurow, J.) granted the objection and remanded the matter to a Hearing Examiner for recalculation of arrears, finding that pursuant to *Tauber v Lebow* (65 NY2d 596), "[i]t may be appropriate in this case, however, to apply a six year Statute of Limitations which would bar DSS from collecting the entire amount of arrears which have accrued since 1977." The court further found that despite testimony by respondent that he had been unemployed for approximately two years, the Hearing Examiner failed to consider Family Court Act § 413 (1) (g), which provides that unpaid child support arrears in excess of $500 shall not accrue where the noncustodial parent's income is equal to or less than the Federal poverty level.

The Hearing Examiner, in reliance upon Judge Jurow's decision, applied the six-year Statute of Limitations and concluded that no arrears would be considered prior to August 17, 1981. The Hearing Examiner also found that respondent qualified for the $500 cap on arrears under Family Court Act § 413 (1) (g) in 1991 and 1992 and assessed no arrears for 1993, thus recalculating the arrears due to be $10,322.29.

On October 14, 1994, DSS filed objections to the Hearing Examiner's order and, in the order appealed from, the Family Court denied such objections, holding that the Hearing Examiner properly proceeded in accordance with Judge Jurow's order, that such order was the law of this case and agreeing that the six-year Statute of Limitations was properly applied in this case (citing, *inter alia*, *Tauber v Lebow*, 65 NY2d 596, *supra; Miller v Miller*, 156 AD2d 164, 165).

Initially, this Court is not bound by the law of the case doctrine. Moreover, while DSS did not appeal or seek to reargue Judge Jurow's order, it consistently reiterated and preserved its objections to his holding in the proceedings before the Hearing Examiner and in its subsequent objections to the Hearing Examiner's order (*compare, Martin v City of Cohoes*, 37 NY2d 162).

With regard to the merits of DSS's objections, the Family Court's reliance upon the Court of Appeals holding in *Tauber v Lebow* (*supra*) was misplaced inasmuch as, subsequent to that decision, the Legislature enacted the New York State Support Enforcement Acts of 1985 and 1986 (L 1985, ch 809 [eff Nov. 1, 1985]; L 1986, ch 892 [eff Aug. 5, 1986]) which, *inter alia*, amended Family Court Act § 451, entitled "Continuing jurisdiction", to provide, in pertinent part, that any "modification,

set aside or vacatur [of any order issued in any support proceeding] shall not reduce or annul child support arrears accrued prior to the making of an application pursuant to this section." (L 1986, ch 809, § 21; addition in text indicated by underscore.) It also added CPLR 5241, governing income executions for enforcement of support orders. Such legislation was enacted to improve child support enforcement and to comply with the Federal Child Support Enforcement Amendments of 1984 (42 USC § 651 et seq.) (Mem of State Exec Dept for L 1985, ch 809, 1985 McKinney's Session Laws of NY, at 3162).

New York has elected to participate in the Federally funded Aid to Families with Dependent Children program; thus Federal statutes and regulations with respect to that program are controlling to the extent applicable (Matter of Commissioner of Social Servs. v Segarra, 78 NY2d 220, 225). In order to remain eligible for such Federal funds, the State must have in effect laws requiring the use of procedures which require that any payment or installment of support under any child support order is "not subject to retroactive modification by such State or by any other State" (42 USC § 666 [a] [9] [C]). To that end, the 1986 amendment to section 451 "precludes 'forgiveness' of child support arrears to ensure that respondents are not financially rewarded for failing either to pay the order or to seek its modification." (Governor's Approval Mem for L 1986, ch 892, 1986 McKinney's Session Laws of NY, at 3213.) Thus, inasmuch as respondent did not move to terminate the order of support until October 6, 1993, Family Court Act § 451, as amended, is controlling.

This is not a situation where it was impossible for respondent to pay child support or move for relief from the support order (cf., Matter of Commissioner of Social Servs. v Grant, 154 Misc 2d 571, 574), nor is it one of those circumstances where an overstrict application of the statute would result in " 'grievous injustice' " to a parent (Matter of Reynolds v Oster, 192 AD2d 794, 795). Indeed, respondent, who waived his right to counsel and proceeded pro se, never raised either the Statute of Limitations or Family Court Act § 413 (1) (g), his only claim being that he thought he had made more child support payments than he was credited with by the first Hearing Examiner. There was no finding by the second Hearing Examiner of any additional payments made by respondent. Thus, under the circumstances of this case, petitioner's objections should have been granted and the amount of child support arrears fixed at the original amount admitted to by respondent.

Moreover, *Tauber v Lebow (supra)* is inapplicable inasmuch as it involved a Supreme Court action brought by a former wife to collect alimony and child support arrears pursuant to a separation agreement and a Mexican divorce decree. The husband raised the six-year Statute of Limitations of CPLR 213 (1) as an affirmative defense and the Court of Appeals held that because there was no time limitation prescribed by statute, the six-year period provided in CPLR 213 (1) applied (65 NY2d, *supra*, at 598). In response to that decision, the Legislature added CPLR 211 (e), which provides for a 20-year Statute of Limitations for any action or proceeding to enforce any order or judgment awarding support, alimony or maintenance, entered subsequent to August 7, 1987. Here, while the order of support was entered prior to that date, inasmuch as this is not an attempt to enforce a contractual obligation or collect accrued arrears under a divorce decree and the only issue presented is the computation of child support arrears, *Tauber v Lebow (supra)* does not apply. Nor would it bar enforcement of any subsequent income execution pursuant to CPLR 5241 with respect to the arrears at issue in this case (*see, Matter of Chopik v Suffolk County Dept. of Social Servs.*, 160 AD2d 869; *Matter of Catera v Suffolk County Support Collection Unit*, 155 AD2d 663; *Mitchell v Mitchell*, 141 Misc 2d 25, 27; *In re McGill*, NYLJ, Sept. 23, 1993, at 24, col 1).

Accordingly, the order of the Family Court, New York County (Edward M. Kaufmann, J.), entered on or about April 11, 1995, which denied petitioner's objections to the Hearing Examiner's decision, dated September 20, 1994, which recalculated and reduced the amount of child support arrears owed by respondent to the New York City Department of Social Services, should be reversed, on the law, without costs, petitioner's objections granted and the amount of child support arrears due from respondent fixed at $17,847.29.

Milonas, J. P., Ellerin, Rubin and Ross, JJ., concur.

Order, Family Court, New York County, entered on or about April 11, 1995, reversed, on the law, without costs and disbursements, petitioner's objections granted and the amount of child support arrears due from respondent fixed at $17,847.29.