■ TERRY F. DAVIES, Appellant, v NAOMI ANNE DAVIES, Respondent. [848 NYS2d 54]—

Order, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered on or about December 6, 2005, which granted defendant's motion for a judgment of arrears, and denied plaintiff's cross motion to be relieved of all financial obligations under the parties' judgment of divorce, unanimously affirmed, without costs.

The judgment of arrears, which enforces plaintiff's obligation under the parties' stipulation of settlement, incorporated into

their divorce judgment, to pay a portion of a distributive award in installments, was properly awarded with interest, costs and attorneys' fees, and without a hearing, in the absence of any explanation whatsoever by plaintiff for his failure to apply to the court for relief from the judgment of divorce prior to the accrual of the arrears (Domestic Relations Law §§ 244, 237 [c]; § 238; *see Levy v Levy*, 272 AD2d 207, 208 [2000]). Concerning the award of attorneys' fees, we note that plaintiff is liable therefor not only under sections 237 (c) and 238, but also under the stipulation. Defendant's alleged defamation of plaintiff and other harmful contacts with his professional colleagues, even if breaches of the stipulation's noninterference clause (*see Lesesne v Lesesne*, 292 AD2d 507, 508-509 [2d Dept 2002]), do not explain his failure to make a preaccrual application or otherwise constitute a defense to this section 244 proceeding (*see Matter of Dox v Tynon*, 90 NY2d 166, 172 [1997]; *Shedler v Shedler*, 32 Misc 2d 290 [1961], *affd* 15 AD2d 810 [1962], *affd* 12 NY2d 828 [1962]); nor can such alleged defamation and breach of the stipulation be entertained as counterclaims (*cf. Dox*). Similarly unavailing is plaintiff's claim that the stipulation was fraudulently induced by defendant's false representation that she was unable to return to work; moreover, that claim is undermined on the merits by the stipulation's several merger clauses (*see Luftig v Luftig*, 239 AD2d 225, 226-227 [1997]). There is no merit to plaintiff's claim that defendant waived her right to payment of the distributive award, where defendant sent plaintiff a notice of default only five months after the first default in payment (*cf. Kott v Kott*, 16 AD2d 941 [1962], *affd* 14 NY2d 971 [1964]), and commenced the instant proceeding only 16 months after such default (*compare Miller v Miller*, 156 AD2d 164 [1989]; *Friedman v Exel*, 116 AD2d 433 [1986]). Concur—Mazzarelli, J.P., Saxe, Marlow, Catterson and Malone, JJ.