In the Matter of RANDOLPH W., Appellant, v COMMISSIONER OF SOCIAL SERVICES, on Behalf of ANA B., Respondent. [961 NYS2d 773]—

Order, Family Court, New York County (Susan R. Larabee, J.), entered on or about April 30, 2012, which denied petitioner father's objection to a prior order, same court (Robert Ross, S.M.), entered on or about March 19, 2012, marking as withdrawn the father's petition to modify or vacate an order setting the amount of child support arrears at $714, unanimously affirmed, without costs.

There is no basis for modifying the May 2001 arrears order. The father failed to submit evidence showing that his income was less than or equal to the poverty income guidelines prior to the issuance of the order (Family Ct Act § 413 [1] [g]). The letter from the Social Security Administration, dated November 2010, confirms only that he had been receiving $761 in supplemental social security income as a disabled individual since September 2010, more than nine years after the order. Further, the cash withdrawals from the bank account that he held jointly with the mother, which the father claims prove that she received payments to care for the child, are dated from approximately October 2004 to September 2006, well after the relevant time period of the arrears determination. Moreover, this is not a case where application of the statutory prohibition against modification of an arrears determination would result in a grievous injustice (Family Ct Act § 451 [1]; *see Matter of Commissioner of Social Servs. of City of N.Y. v Gomez*, 221 AD2d 39, 42 [1st Dept 1996]; *see also Matter of Dox v Tynon*, 90 NY2d 166, 173-174 [1997]).

The record shows that, at the March 19, 2012 proceeding, the Support Magistrate adequately advised the father of his right to consult or retain a lawyer, or to request an adjournment for that purpose. The Magistrate was not required to advise the father of the dangers of proceeding pro se, since he was not entitled to counsel (*see* Family Ct Act § 262; *cf. Matter of Storelli v Storelli*, 101 AD3d 1787 [4th Dept 2012]).

We have considered the father's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Feinman and Clark, JJ.